972 F.2d 347
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mary Ann FREEMAN, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 91-6488.
 United States Court of Appeals, Sixth Circuit.
 Aug. 13, 1992.
 
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Mary Ann Freeman appeals a district court's judgment affirming the denial of her application for social security disability and supplemental security income benefits. Her appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is unnecessary. Fed.R.App.P. 34(a). The appellee expressly waived oral argument and the appellant did not request argument within the time allowed by our clerk's office.
 
 
 2
 Freeman alleged that she became disabled on February 28, 1987, due to residual pain from disc surgery. An administrative law judge (ALJ) found that Freeman was not disabled, but the Appeals Council remanded the case for further consideration. The ALJ considered a consultative orthopedic evaluation on remand, and found that Freeman was not disabled because she was able to perform her past work as a seamstress. This opinion became the final decision of the Secretary on March 1, 1991, when the Appeals Council declined further review. On November 12, 1991, the district court adopted a magistrate judge's recommendation and awarded summary judgment to the Secretary. It is from this judgment that Freeman now appeals.
 
 
 3
 Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence de novo, make credibility determinations nor weigh the evidence.
 
 
 4
 Brainard v. Secretary of HHS, 889 F.2d 679, 681 (6th Cir.1989) (per curiam) (citations omitted).
 
 
 5
 The Secretary's determination that Freeman could still perform her past work is supported by substantial evidence. A vocational expert testified that Freeman could still work as a seamstress if she was not suffering from significant pain. The ALJ's finding that Freeman's allegations of disabling pain were not credible is supported by the medical record as a whole and also by the progress notes of her treating physician. See Blacha v. Secretary of HHS, 927 F.2d 228, 230-31 (6th Cir.1990) (per curiam). The ALJ's analysis is also consistent with the two-part test that our court applies in evaluating a claimant's allegation of disabling pain.
 
 
 6
 First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.
 
 
 7
 Duncan v. Secretary of HHS, 801 F.2d 847, 853 (6th Cir.1986). In the present case, there is objective evidence of a medical condition. However, on the whole, the medical record fails to show an orthopedic or neurologic condition that would reasonably give rise to disabling pain. See Blacha, 927 F.2d at 230; Duncan, 801 F.2d at 853-54.
 
 
 8
 Freeman also argues that she did not receive a copy of the consultative report that was submitted after her hearing. However, Freeman did not raise this challenge to the Appeals Council, even though the report was cited repeatedly in the ALJ's opinion. Moreover, Freeman did not act on the Secretary's invitation to submit additional evidence, even though the final administrative decision in her case was rendered almost a year after that opinion. Under these circumstances, the magistrate judge properly found that Freeman had adequate notice of the report and failed to challenge it within 10 days as required by 20 C.F.R. § 404.916(f).
 
 
 9
 Freeman next argues that her testimony at the administrative hearing evidenced a mental impairment. However, her oblique references to nervousness and other general symptoms were not sufficient to allege a mental impairment. See Sizemore v. Secretary of HHS, 865 F.2d 709, 710 (6th Cir.1988). Therefore, the magistrate judge properly found that Freeman had waived this claim because it had not been clearly presented to the Secretary. See id. at 711-12 n. 12; Kimbrough v. Secretary of HHS, 801 F.2d 794, 797 (6th Cir.1986).
 
 
 10
 Finally, Freeman argues that the ALJ's hypothetical question to the vocational expert was incomplete. Appellate review of this argument has been waived because Freeman did not specifically object to the magistrate's finding that the question was adequate. See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981). Freeman did challenge the question in a summary judgment memorandum, which she attempted to incorporate into her objections. However, this type of collateral reference is equivalent to the general objections that we condemned in Howard v. Secretary of HHS, 932 F.2d 505, 509 (6th Cir.1991). A party's objections must be "specific in order to focus the busy district court's attention on only those issues that were dispositive and contentious." Id. Clearly, this purpose is not served if the district court is required to conduct a complete, de novo review of all of the pleadings that were considered by the magistrate judge.
 
 
 11
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.