849 F.2d 610
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Caleb SIZEMORE, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 87-5297.
 United States Court of Appeals, Sixth Circuit.
 June 16, 1988.
Opinion Published in Full 865 F.2d 709.
 
 Before KRUPANSKY and WELLFORD, Circuit Judges, and HORACE W. GILMORE, District Judge*.
 PER CURIAM.
 
 
 1
 In the instant appeal, Caleb Sizemore, plaintiff-appellant (Sizemore or appellant), has appealed the district court's order adopting the magistrate's recommendation to grant summary judgment for the Secretary of Health and Human Services (Secretary), thus denying appellant's claim for supplemental security income and disability insurance benefits.
 
 
 2
 The record revealed the following facts. Appellant had completed a fifth grade education. He had worked as a night watchman, mechanic, and for some ten years in and around underground coal mines. Appellant last worked for some sixteen years for the Leslie County Board of Education as a mechanic servicing school buses. In August of 1983, appellant slipped and fell from a ladder while installing a strobe light on a school bus. Appellant struck his head on the ladder as he fell, and then struck the concrete floor, hitting his right hip and the back of his head. Since that time, appellant had complained of severe headaches, nausea, dizzy spells, pain in his right hip and back, and arthritis. In addition, appellant made periodic complaints concerning his nerves in general, his lungs, and episodes where he experienced vertigo or blindness and nearly passed out. The appellant occasionally expressed concern that he might have been suffering from a brain tumor.
 
 
 3
 Sizemore filed an application for supplemental security income and for disability insurance benefits, claiming disability as of August 15, 1983, at which time appellant was 49 years old. Subsequent to the appellant's initial application for benefits on April 23, 1984, the claims were administratively denied. The appellant requested a de novo review before an administrative law judge (ALJ). After a hearing, on January 17, 1985 the ALJ found that Sizemore was not suffering from any disability which would entitle him to the benefits claimed. The Appeals Council denied review of the ALJ's findings on March 22, 1985, at which time the ALJ's report became the final decision of the Secretary.
 
 
 4
 The appellant appealed the denial of his claims to federal district court. The matter was assigned to a magistrate for initial consideration. On September 25, 1986, the magistrate submitted his report and recommendation, in which he found that the ALJ's decision was supported by substantial evidence, and thus recommended that summary judgment be granted to the Secretary.
 
 
 5
 Subsequent to the ALJ's decision, but before consideration on appeal by the district court, the appellant underwent additional medical examinations. Although all additional medical reports were completed before the District Court had made any decision in regard to the Magistrate's Report and Recommendation, the appellant did not submit them to the District Court, nor did he request the District Court to remand his case to the Secretary for further consideration in light of the latest supplemental medical reports. On February 24, 1987, the District Court entered an order adopting the Magistrate's Report and Recommendation in full, and granted summary judgment to the Secretary. The appellant filed a timely appeal of the District Court's order.
 
 
 6
 After initiating the instant appeal, Sizemore filed a motion with this court to have his case remanded to the Secretary for further consideration to incorporate the additional medical examinations which appellant underwent after the ALJ's initial determination. The Secretary opposed the appellant's motion to remand. Thus, this court is initially confronted with deciding if the additional medical opinions, obtained after the ALJ's decision, warrant remanding this matter for further consideration.
 
 
 7
 Appellant, however, has failed to satisfy the requisite conditions to justify remanding this case to the Secretary for consideration of additional evidence. "It is well established that the party seeking remand bears the burden of showing that a remand is proper under Section 405." Oliver v. Secretary of Health & Human Serv., 804 F.2d 964, 966 (6th Cir.1986); Willis v. Secretary of Health & Human Serv., 727 F.2d 551, 554 (6th Cir.1984) (per curiam). The standard for determining whether to remand a claim for consideration of additional information is set forth in the governing statute:
 
 
 8
 The court ... may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding....
 
 
 9
 42 U.S.C.A. Sec. 405(g) (West 1983) (emphasis added); see also Willis, 727 F.2d at 554. The statute thus requires that before a social security claim will be remanded for consideration of additional evidence, the claimant must prove that new evidence existed which would be material to the determination of his disability claim.[1]
 
 
 10
 In order for the claimant to satisfy this burden of proof as to materiality, he must demonstrate that there was a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence. See Carroll v. Califano, 619 F.2d 1157, 1162 (6th Cir.1980); see also Ward v. Schweiker, 686 F.2d 762, 764-65 (9th Cir.1982); Chaney v. Schweiker, 659 F.2d 676, 679 (5th Cir.1981). In the instant appeal, the appellant failed to meet this burden. Only one of the physicians, Dr. Maggard, expressed the opinion that the appellant was unable to perform his previous occupation. This conclusion, however, was not supported by any specific laboratory test or diagnostic procedure identifying a specific physical condition which would account for appellant's alleged inability to return to his employment.[2] Accordingly, Dr. Maggard's opinion would not have been entitled to deference by the Secretary. See Harris v. Heckler, 756 F.2d 431, 435 (6th Cir.1985); Houston v. Secretary of Health & Human Serv., 736 F.2d 365, 367 (6th Cir.1984); Garner v. Heckler, 745 F.2d 383, 391 (6th Cir.1984).
 
 
 11
 The appellant has further contended that the proffered medical evidence was material because it demonstrated that his condition was progressively deteriorating. It is not clear that the presented medical evidence would have supported that conclusion, but even if the contention was assumed to be correct, it would nevertheless have been an insufficient reason for remanding this claim. Evidence which reflected the applicant's aggravated or deteriorated condition is not relevant because such evidence does not demonstrate the point in time that the disability itself began. Reviewing courts have declined to remand disability claims for reevaluation in light of medical evidence of a deteriorated condition. Oliver, 804 F.2d at 966; Ward, 686 F.2d at 765-66 & n. 4. If in fact the claimant's condition had seriously degenerated, the appropriate remedy would have been to initiate a new claim for benefits as of the date that the condition aggravated to the point of constituting a disabling impairment. Oliver, 804 F.2d at 966; Ward, 686 F.2d at 766 & n. 4. The appellant's motion to remand this case to the Secretary for consideration of additional medical evidence must be denied, but without prejudice to his right to submit a new claim based upon new evidence of claimed disability.
 
 
 12
 Sizemore has also charged that the ALJ incorrectly denied his claim because the ALJ failed to accord proper deference to the medical conclusions of his physicians and because the ALJ did not give sufficient consideration to the appellant's claims of disabling pain. In examining the ALJ's decision, this court must determine whether the ALJ's conclusions were supported by substantial evidence.[3] Crisp v. Secretary of Health & Human Serv., 790 F.2d 450, 453 n. 4 (6th Cir.1986) (per curiam); Wages v. Secretary of Health & Human Serv., 755 F.2d 495, 497 (6th Cir.1985) (per curiam). "When supported by substnatial evidence, the findings of fact of the Secretary are conclusive, and a decision denying benefits cannot be overturned." Houston v. Secretary of Health & Human Serv., 736 F.2d at 366; accord Howse v. Heckler, 782 F.2d 626, 627 (6th Cir.1986) (per curiam); Wages, 755 F.2d at 497. Substantiality must be determined by examining the record as a whole. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir.1986) (en banc); Houston, 736 F.2d at 366.
 
 
 13
 Appellant has argued that the ALJ's decision was not supported by substantial evidence because the ALJ had failed to give deference to the opinion of Sizemore's physicians as to his alleged disabilities. The record indicates, however, this contention is without merit. None of appellant's physicians reported an organic medical condition which could be identified as disabling. Furthermore, none of the appellant's physician's opined that appellant's condition would have prevented him from engaging in his past employment. At best, Dr. Tutt asserted that the appellant had expressed a subjective belief that he was unable to continue working, although Dr. Tutt did not himself confirm that conclusion. Upon consideration of this testimony, it can not be seriously argued that the ALJ failed to accord proper deference to the testimony of the treating physicians in this case.
 
 
 14
 Appellant has also suggested that the ALJ failed to properly consider his allegations of disabling pain. However, a claimant's subjective allegations of disabling pain are insufficient by themselves to support a claim for benefits. Rather, the claimant must demonstrate a specific medical condition which causes the pain. See Duncan v. Secretary of Health & Human Serv., 801 F.2d 847, 852-53 & n. 3 (6th Cir.1986). In order to demonstrate that his pain constituted a disqualifying condition,
 
 
 15
 [t]here must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from that condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.
 
 
 16
 Duncan, 801 F.2d at 853 (quoting S.Rep. No. 466, 98th Cong., 2d Sess. 24, reprinted in 130 Cong.Rec. S6221 (daily ed. May 22, 1984)). In the instant case, although appellant had demonstrated an underlying medical condition, namely mildly degenerative arthritis, there was no medical evidence which supported the alleged severity of the pain. Duncan, 801 F.2d at 853; Kimbrough v. Secretary of Health & Human Serv., 801 F.2d 794, 797 (6th Cir.1986). Nor can it be said that mildly degenerative arthritis is necessarily so severe a condition as to reasonably be expected to produce disabling pain. See, e.g., Duncan, 801 F.2d at 853-54 (mildly degenerative spinal condition and arthritis not so severe as to reasonably produce disabling pain); Kimbrough, 801 F.2d at 797 (allegations of chronic leg and back pain not so severe as to be reasonably expected to cause disabling pain). Appellant's evidence failed to support his burden of proving that his claims of disabling pain were caused by identifiable organic conditions.
 
 
 17
 The ALJ, after observing the appellant's condition and demeanor during the hearing, concluded that the claims of disabling pain were not credible. This court will not disturb the ALJ's credibility determinations on such factual matters. See Gooch v. Secretary of Health & Human Serv., 833 F.2d 589, 592 (6th Cir.1987), cert. denied sub nom. Gooch v. Bowen, --- U.S. ----, 108 S.Ct. 1050, 98 L.Ed.2d 1012 (1988); Gaffney v. Bowen, 825 F.2d 98, 101 (6th Cir.1987). Additionally, the appellant's own testimony disclosed that he was able to drive an automobile, shop, do housework, visit relatives regularly and babysit his grandchildren occasionally, read and view television, feed the chickens daily and garden from time to time. After considering the evidence of record, this court concludes that the ALJ's determination that the appellant was not disabled was thus supported by substantial evidence.
 
 
 18
 Accordingly, the district court's order, granting summary judgment in favor of the Secretary, is AFFIRMED.
 
 
 
 *
 Hon. Horace W. Gilmore, United States District Judge, Eastern District of Michigan, sitting by designation
 
 
 [1]
 Appellant alleged that he had good cause for failing to present this additional medical evidence before the ALJ, claiming that he did not have the money for these examinations at the time of the hearing before the ALJ. There does not appear to be any case law on the question of whether a claimant's poverty would constitute good cause for failure to have previously obtained medical evidence. Because the material being offered by the appellant does not satisfy the requirement of being "material," this court need not decide the issue of whether appellant's poverty constituted good cause
 
 
 [2]
 Dr. Maggard apparently based this conclusion upon the results of psychological tests which indicated that appellant might have been suffering from mild mental retardation caused by post concussion syndrome. The appellant, however, never asserted mental impairment in his claim before the Secretary, and he cannot now raise this issue as justification for remanding his case to the Secretary. See Kimbrough v. Secretary of Health & Human Serv., 801 F.2d 794, 797 (6th Cir.1986) ("Claimant has never, however, asserted a mental impairment as a basis for benefits."); Ward v. Schweiker, 686 F.2d 762, 764 (9th Cir.1982) ("The new or additional evidence offered must bear directly and substantially on the matter in dispute.") (emphasis added)
 
 
 [3]
 Substantial evidence is comprised of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938)); Wages v. Secretary of Health & Human Serv., 755 F.2d 495, 497 (6th Cir.1985) (per curiam)