896 F.2d 1369
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Wayne CALLAHAN, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellant.
 No. 89-3408.
 United States Court of Appeals, Sixth Circuit.
 March 1, 1990.
 
 Before NATHANIEL R. JONES and MILBURN, Circuit Judges, and ROBERT HOLMES BELL, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff, Wayne Callahan, appeals the order affirming the Secretary's denial of social security disability benefits. For the following reasons, we affirm.
 
 I.
 
 2
 At the time of the second administrative hearing, Callahan was 37 years old. He has a 12th grade education, and semi-skilled work experience. Callahan has not engaged in substantial gainful activity since September 15, 1983. Callahan's application for benefits was denied initially and upon reconsideration. Administrative Law Judge (ALJ) David A. Redmond determined that Callahan had a severe vertebrogenic disorder and a mental impairment. However, he found that Callahan retained the functional capacity to perform sedentary jobs, and therefore was not disabled under the Social Security Act.
 
 
 3
 The medical evidence establishes that Callahan does have a severe back impairment. Callahan had originally fractured his lumbar spine in 1977, and he aggravated this injury some six years later in a work-related incident. Callahan was hospitalized in October 1983 for low back pain resulting from a healed compression fracture of the lumbar spine at the L3 level. Examinations by several doctors over the next few years revealed mild tenderness in the mid-lumbar region and an old compression fracture of the L3 vertebra and mild disc bulging at L4-L5 and L5-S1 with no evidence of herniation.
 
 
 4
 In addition to the physical evidence, there is considerable psychiatric and psychological evidence in the record. Dr. Eugene D. Chambers, a psychologist, conducted an examination at the request of Callahan's attorney in July 1985. He diagnosed a dysthymic disorder (chronic disturbance of mood involving a depressed mood for most of the day), a psychogenic pain disorder, and a mixed personality disorder with elements of compulsive and paranoid personality disorders. He opined that Callahan was "incapable of substantial gainful employment on any stable basis over the past year or more." J.App. at 288. Dr. Eugene S. Cherry and Dr. G.M. Sastry examined Callahan at the request of his attorney, and both agreed with Dr. Chambers' conclusions. Dr. William Smith, Callahan's treating physician, also reported that Callahan suffered from psychological depression due to organic pain.
 
 
 5
 In evaluating Callahan's mental impairment, the ALJ made use of the expertise of the impartial Medical Advisor (MA), Dr. Arnold Allen, who is a board-certified psychiatrist. Dr. Allen agreed with the diagnosis of a dysthymic disorder, but did not consider it a severe impairment since it does not significantly limit Callahan's capacity to perform work-related functions. In addition, Dr. Allen disagreed with the diagnosis of a personality disorder because such a disorder was chronic in nature, whereas Callahan's problems were acute in origin. Dr. Allen also believed that the diagnosis of a psychogenic pain disorder was improper; because there was a physical basis for the pain, Dr. Allen would label the problem as psychological factors affecting physical condition. Dr. Allen concluded that, based upon his review of the clinical findings, Callahan would not be precluded from engaging in substantial gainful activity.
 
 
 6
 ALJ Redmond also relied upon the testimony of Charlotta Ewers, a Vocational Expert. Ewers stated that a number of jobs would be available to an individual who had a residual functional capacity for sedentary work activity with limited interpersonal contact, such as timekeeper, wire worker, and assembler. She testified that 4,100 of these jobs existed in the regional economy.
 
 II.
 
 7
 Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching his conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir.1984). The scope of our review is limited to the record only. We may not review the evidence de novo, make credibility determinations, or reweigh the evidence. Id. In order to show disability, the claimant must show an inability to work for 12 continuous months. An individual can show a disability in two ways: if the mental or physical impairments meet or equal a condition in the Listing of Impairments; or if the impairments are of sufficient severity to prevent a claimant from engaging in any kind of substantial gainful work that exists in the national economy, considering his age, education and experience. 42 U.S.C. Sec. 423(d)(2)(A) (1982); 20 C.F.R. Sec. 404.1520 (1989).
 
 A.
 
 8
 Callahan first argues that substantial evidence does not support the Secretary's conclusion that his psychological impairments are not disabling. Two steps are required to establish a disabling psychological impairment: (1) a psychological impairment that (2) leads to functional limitations in a number of areas, including activities of daily living, social functioning, concentration, persistence and pace, and episodes of decompensation in work or work-like settings. 20 C.F.R. Part 404, Subpart P, Appendix 1, Sec. 12.00 (1989). ALJ Redmond found that although there was evidence of a dysthymic disorder and psychological problems with the pain, these impairments were not dysfunctional.
 
 
 9
 Callahan argues that the ALJ's conclusions are erroneous. Specifically, he relies upon three reports of psychological examiners which opine that Callahan is disabled (Drs. Chambers, Cherry, Sastry).[1] Callahan contends that the evaluating mental health experts' reports were consistent and uncontradicted; as such, he stresses that they should have been given the greatest weight when reviewing his claim for benefits. He also notes that his treating physician, Dr. Smith, corroborated these reports by discussing Callahan's pain disorder and the associated depression which robbed him of the confidence and ability to deal with stress in the workplace. On this basis, Callahan submits that the ALJ placed too much reliance on the opinion of the non-evaluating MA (Dr. Allen) and disregarded the reports of the examiners.
 
 
 10
 We believe that substantial evidence supports the ALJ's conclusion that the mental impairment was not so severe so as to preclude all gainful activity. Dr. Allen reviewed the examiners' reports and determined that the clinical evaluations and analysis do not support the conclusion that Callahan is disabled. Though he agreed with the examiners' diagnosis, Dr. Allen concluded that Callahan's psychological problems did not render him disabled. The conclusions of an independent medical advisor provide medical support for the ALJ's determinations. In addition, the testimony of Dr. Allen was more consistent with Callahan's reports of his daily life, which indicate that his psychological problems are not disabling. See Crisp v. Secretary of HHS, 790 F.2d 450, 452-53 (6th Cir.1986) (per curiam). Since 1985, Callahan reported that he has been primarily responsible for his three children, ages 4, 7, and 11. He also does his own housework, including cleaning, laundry, cooking, and grocery shopping. Finally, Callahan goes to local PTA meetings, attends church on a regular basis, and socializes on a regular basis with his family.
 
 
 11
 The ALJ had a choice between Dr. Allen's opinion and those of the examining physicians. The legal conclusions of Drs. Chambers, Cherry, and Sastry, based upon one-time examinations procured by Callahan's attorney, are not binding upon the ALJ. Id. at 452. The ALJ properly found Dr. Allen's opinion to be credible and more consistent with the evidence. Thus, we conlude that there is substantial evidence to support the Secretary's finding that Callahan is not disabled due to his psychological impairments.
 
 B.
 
 12
 Callahan also argues that the ALJ improperly rejected his subjective complaint of pain. Under Duncan v. Secretary of HHS, 801 F.2d 847, 853 (6th Cir.1986), the court examines:
 
 
 13
 whether there is objective medical evidence of an underlying medical condition. If there is, then we examine: (1) whether the objective medical evidence confirms the severity of the alleged pain arising from the medical condition; or (2) whether the objectively established medical condition is of such severity that it can reasonably be expected to produce the alleged disabling pain.
 
 
 14
 Because the assessment of pain depends largely on the credibility of the claimant, the "determination of disability from pain is peculiarly within the province of the ALJ." Villarreal v. Secretary of HHS, 818 F.2d 461, 464 (6th Cir.1987) (per curiam). As such, this court should be reluctant to disturb the ALJ's credibility determinations on a factual matter such as the severity of pain. Sizemore v. Secretary of HHS, 865 F.2d 709, 713 (6th Cir.1988) (per curiam).
 
 
 15
 Clearly Callahan has an objective medical condition--the healed compression fracture of his lumbar spine with associated deformities--that is responsible for the pain. Callahan now attacks the ALJ's determination with respect to the second part of the Duncan test--that his pain was not severe enough to be disabling. Specifically, Callahan states that his subjective complaints of pain are consistent with the objective medical evidence and that the ALJ did not adequately consider his testimony about the severity of his pain.
 
 
 16
 We hold that substantial evidence supports the finding that the pain was not so severe to be disabling. Callahan's treating physicians all noted his back problems and associated pain, but still concluded that all work activity was not precluded. Moreover, Dr. Allen testified that even with the magnification of the pain by Callahan's psychological problems, the pain was not so severe as to be disabling. Finally, Callahan's daily activities do not suggest an individual with disabling pain.
 
 III.
 
 17
 For the foregoing reasons, we AFFIRM the decision of the district court.
 
 
 
 *
 The Honorable Robert Holmes Bell, United States District Judge of the Western District of Michigan, sitting by designation
 
 
 [1]
 Two other psychiatric consultations were conducted, but not admitted. The ALJ did not consider the report of Dr. Sung Lee, who examined Callahan at the request of the Secretary in September 1986, because Dr. Lee did not consider the physical evidence in reaching his conclusions. In addition, Dr. Arthur Greenfield's report was not considered by the Appeals Council because it was dated March 1987, after the period of the disability. Callahan argues that after the report of Dr. Lee was not admitted, the ALJ erred in not obtaining another psychiatric evaluation. However, given the three examinations that were admitted and the testimony of the medical advisor, Dr. Allen, who is a board-certified psychiatrist, we conclude that there is sufficient medical evidence upon which to base a finding. As such, there is no need to remand to the ALJ