899 F.2d 1221
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James H. FOSTER, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 88-1644.
 United States Court of Appeals, Sixth Circuit.
 April 11, 1990.
 
 Before NATHANIEL R. JONES, KRUPANSKY and DAVID A. NELSON, Circuit Judges.
 
 ORDER
 
 1
 James H. Foster has filed a pro se appeal from the district court's judgment that affirmed the Secretary's denial of an application for disability insurance benefits and supplemental security income benefits that he had filed under 42 U.S.C. Sec. 423 (Supp.1989) and 42 U.S.C. Sec. 1382 (1984 & Supp.1989). Foster's case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Foster alleged a disability onset date of October 25, 1984, that was primarily based on three impairments: 1) back pain that was incident to disc surgery which he had undergone in 1967; 2) arthritis in his back and extremities, especially in his feet and ankles; and 3) a heart condition that resulted in a slow rhythm and occasional pain. On January 7, 1986, an administrative law judge (ALJ) issued an opinion that denied Foster's claims. The ALJ's decision became the final decision of the Secretary on July 9, 1986, when the Appeals Council denied Foster's request for review. On June 1, 1988, the district court entered a memorandum opinion and judgment that granted the Secretary's motion for summary judgment. It is from this judgment that Foster now appeals.
 
 
 3
 The standard of review that applies to Foster's claims was recently articulated in Brainard v. Secretary of Health and Human Services, 889 F.2d 679 (6th Cir.1989).
 
 
 4
 Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence de novo, make credibility determinations nor weigh the evidence.
 
 
 5
 Id. at 681 (citations omitted).
 
 
 6
 The ALJ found that Foster's complaints regarding his back and his arthritis did not evidence severe impairments. The district court correctly held that there was substantial evidence to support this finding even though "an impairment can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience." Higgs v. Bowen, 880 F.2d 860, 862 (6th Cir.1988).
 
 
 7
 Foster's allegation of back pain is residual to disc surgery that he had in 1967. However, a medical exam in 1981 indicated that there "is no evidence of osteoarthritis developing in the back" and that for "ordinary activities and work he should do remarkably well." An x-ray report, prepared in March of 1985, showed a "slight narrowing" of the disc spaces in Foster's lower back that indicated "mild disc space disease." However, it was also noted that Foster could bend over and bring his fingertips within 8 inches of the floor. In addition, Foster's most recent examination, in July of 1985, revealed no tenderness in the area of his surgical scar and no tenderness "throughout all of the spine." Thus, there was substantial evidence to support the Secretary's finding that Foster's complaints of back pain did not indicate a severe impairment. Cf. Nunn v. Bowen, 828 F.2d 1140, 1141-43, 1145 (6th Cir.1987); Kinsella v. Schweiker, 708 F.2d 1058, 1059-60 (6th Cir.1983).
 
 
 8
 Foster's allegation of arthritis in his extremities is supported by the record. However, the record also supports the Secretary's finding that this impairment was not severe. In December of 1984, Foster underwent an examination that revealed soft tissue swelling of his right ankle. An x-ray, taken in January of 1985, revealed "[s]light osteoarthritic changes" in one of Foster's toes, some bone spurring and bunions on both feet. Foster's right ankle was swollen when he was examined in March of 1985 and an x-ray showed evidence of osteoporosis and calicaneal spurring. However, the examination revealed "[n]o acute findings," "[m]inimal degenerative changes," and "no acute pathology." Finally, an examination in July of 1985 showed that Foster's "extremities are normal except that the left ankle movement was minimally restricted and painful, otherwise bones and joints are essentially within normal limits."
 
 
 9
 It was Foster's burden to show the severity of his impairments. See Murphy v. Secretary of Health and Human Services, 801 F.2d 182, 185 (6th Cir.1986). The evidence that he has presented demonstrates only minimal restrictions in his range of motion. Moreover, he has presented sparse medical evidence regarding "the intensity, frequency, and duration of arthritic pain." Cf. Higgs, 880 F.2d at 863. While proof of severity is a "de minimis hurdle in the disability determination process," Foster has not shown that he was more than slightly or minimally impaired by his arthritis. Cf. id. at 862-63. Moreover, there is substantial evidence in the record to show that Foster's arthritis was not severe. Cf. id. at 863; Sizemore v. Secretary of Health and Human Services, 865 F.2d 709, 713 (6th Cir.1988).
 
 
 10
 In July of 1985, Foster was hospitalized for chest pains. It was discovered that Foster had a slow sinus rhythm which may have been related to his "being athletic throughout his life." However, Foster's discharge summary noted that he was "free from any chest pain, shortness of breath, palpitations or dizziness" and that he could "resume pre-hospitalization activities immediately after discharge."The ALJ found that Foster's heart condition was a severe impairment but that it did not meet the 12 month durational requirement of 20 C.F.R. Secs. 404.1509 and 416.909. There is substantial evidence to support this finding. First, the record supports the ALJ's conclusion that the onset date of Foster's heart condition was July, 1985. He was first admitted to the hospital at that time, and a prior examination, in March, 1985, uncovered "[n]o evidence of active cardiopulmonary disease." In addition, Foster's discharge summary indicates that his heart condition had already improved, and there is no indication that any residual impairment would not be controlled by the medication that was prescribed to him. Cf. Walker v. Secretary of Health and Human Services, 884 F.2d 241, 245 (6th Cir.1989); Murphy, 801 F.2d at 185.
 
 
 11
 In his brief on appeal, Foster states that other doctors diagnosed a serious heart condition in 1986. However, this court cannot consider evidence that was not presented to the Secretary. See Brainard, 889 F.2d at 681. Moreover, Foster has not met his burden of showing that a remand of the case would be proper because the unsupported allegations in his brief do not demonstrate "a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." Sizemore, 865 F.2d at 711.
 
 
 12
 The ALJ found that Foster's allegations of disabling pain were not credible. This finding is supported by the medical evidence. It is also supported by Foster's testimony regarding his daily activities. Foster stated that he did much of his own cooking, cleaning and shopping; that he spends about 25 hours a week at school and at the library; that he walks 3 blocks to school or to the bus; that he walks a neighbor's dog in the morning; and that he could walk or stand for as much as an hour at a time. This testimony lends additional support to the Secretary's finding that Foster was not disabled. Cf. Sizemore, 865 F.2d at 713; Kinsella, 708 F.2d at 1059.
 
 
 13
 In summary, there is substantial evidence to support the Secretary's findings that Foster's back problems and arthritis were not severe impairments. There was also substantial evidence to support a finding that Foster's heart condition, while once severe, would not last for the required 12 months. For these reasons, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.