Roy G. REVELS, Plaintiff,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.

No. 92–CV–75693–DT.

United States District Court, E.D. Michigan, Southern Division.

Jan. 14, 1994.

Timothy A. O'Rourke, Lansing, MI, for plaintiff.

Elizabeth Larin, Asst. U.S. Atty., Detroit, MI, for defendant.

### *OPINION*

DUGGAN, District Judge.

Defendant's and plaintiff's motions for summary judgment are before this Court. For the reasons cited below, this Court rejects the Magistrate Judge's Report and Recommendation, grants defendant's motion for summary judgment and denies plaintiff's motion for summary judgment.

## I. Background

This Court accepts the Magistrate Judge's statement of the background of this case, including facts pertaining to medical evidence, plaintiff's testimony, vocational expert testimony and the secretary's decision.

This matter was referred to Magistrate Judge Steven D. Pepe pursuant to 28 U.S.C. § 636(b). Magistrate Judge Pepe considered the cross motions for summary judgment and issued a Report and Recommendation on September 29, 1993. He recommended that defendant's motion for summary judgment be denied, that plaintiff's motion for summary judgment be granted and that the case be remanded to the Secretary for an award of benefits. Defendant has filed objections[1] to the Magistrate Judge's Report and Recommendation. This Court as provided in 28 U.S.C. § 636(b)(1): "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."

## II. Standard of Review

■ The Social Security Act provides that the Secretary shall weigh the evidence, resolve any conflicts and make a determination of disability pursuant to the five-step sequential evaluation as described at 20 C.F.R. § 404.1520(d). If the Secretary finds that the claimant is disabled or not disabled at any point in the five-step process then he or she does not proceed further. Judicial review of the Secretary's determination is limited in scope by section 405(g) of the Social Security Act, which states in pertinent part that the "findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." 42 U.S.C. § 405(g). Substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 390, 91 S.Ct. 1420, 1422, 28 L.Ed.2d 842 (1971); *see also Born v. Secretary of Health and Human Services,* 923 F.2d 1168 (6th Cir.1990). In evaluating the evidence, spe-cial deference is given to the ALJ's credibility determinations. *Sizemore v. Secretary of Health and Human Services,* 865 F.2d 709, 713 (6th Cir.1988). Furthermore, it is settled law that a reviewing court may not retry the case, resolve factual or evidentiary conflicts, or second-guess the conclusions of the Secretary concerning the claimant's credibility. *Garner v. Heckler,* 745 F.2d 383, 387–88 (6th Cir.1984). This is true even when the court might reach a different conclusion based on the same set of facts. *Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir.1986).

## III. Discussion

### A. Defendant's Objections

Defendant raises two objections to the Magistrate Judge's conclusions. First, defendant objects to the Magistrate Judge's finding that the ALJ's credibility determinations were not supported by substantial evidence (Objections at 1–2).

Second, defendant maintains that the Magistrate Judge erroneously concluded that the ALJ improperly relied on the grid instead of vocational testimony is error.

### B. Credibility Determinations

Defendant objects to the Magistrate Judge's findings regarding the ALJ's discussion of (1) plaintiff's credibility and (2) the treating physician's credibility.

#### 1. Plaintiff's Credibility

■ The Sixth Circuit has concluded that "[s]ince the ALJ has the opportunity to observe the demeanor of a witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Secretary of Health and Human Services,* 823 F.2d 922, 928 (6th Cir.1987). The ALJ's decision provides that:

[i]n addition to considering all of the objective evidence and testimony of record, the undersigned has also considered the claimant's subjective complaints and the evidence regarding such complaints in deter-

---

1. Plaintiff in a motion to this Court maintained that defendant's objections should not be considered because the objections were filed late under Fed.R.Civ.P. 72. This Court concluded that de-fendant's objections shall be considered, notified plaintiff of this and granted plaintiff time to file a brief in response. Plaintiff's response was filed on December 15, 1993.

mining the claimant's residual functional capacity and the severity of the claimant's impairment. * * * The undersigned has not rejected the claimant's testimony about intensity and persistence of his pain or other symptoms, or about the effect the symptoms have on his ability of work.... The undersigned has considered the evidence regarding the precipitation or aggravation of the symptoms. Such evidence has indicated that only occasionally are the chest pains a problem for the claimant since the alleged onset date. The claimant's fatigue, though limiting moderate or severe exertion, has not limited sedentary activities.... The undersigned has not found that the evidence of record supports the claimant's allegations of severe fatigue to the extent that he has indicated in his testimony. (Tr. at 17).

The ALJ did not reject plaintiff's testimony or credibility, but rather considered all of the testimony and weighed the evidence. The ALJ reviewed plaintiff's symptoms in evaluating his functional limitations and restrictions, before concluding that plaintiff retained the residual functional capacity for sedentary work. Upon review of the record this Court concludes that the ALJ properly weighed plaintiff's testimony, and therefore the Court finds no error with regard to the ALJ's findings regarding plaintiff's credibility. *Hardaway*, 823 F.2d at 928.

### 2. Physician's Credibility

■ The Sixth Circuit has concluded that: [t]he medical opinions and diagnoses of treating physicians are generally accorded substantial deference, and if the opinions are uncontradicted, complete deference. [Citation omitted]. This is true, however, only if the treating physician's opinion is based on sufficient medical data. [Citations omitted]. Ultimately, of course, the determination of disability is the preroga-

tive of the Secretary, not the treating physician. [Citations omitted].

*Harris v. Heckler,* 756 F.2d 431, 435 (6th Cir.1985). The Eleventh Circuit has determined that "[t]he testimony of a treating physician must ordinarily be given substantial or considerable weight unless good cause is shown to the contrary. The Secretary must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir.1986); *see also* 20 C.F.R. § 404.1527(b)-(d) (providing criteria as to how medical opinions should be considered and weighed).[2]

The ALJ did not find the treating source's opinion to be controlling in this case. However, the ALJ did exercise her authority under 20 C.F.R. § 404.1527(c)(3), and requested a list of work restrictions from plaintiff's cardiologist and another consultative examination before she made her decision. The ALJ considered this evidence submitted after the hearing along with all the other evidence, and concluded that:

Dr. Brown [consultative examiner] provided a specific evaluation of the claimant's capacities in the form of a medical opinion after an examination of the claimant, and a review of all medical evidence in the record. The undersigned is convinced that this physician was in an excellent position to provide such a medical opinion and was fully qualified to provide that opinion. The undersigned has not accepted the opinion of Dr. Currie when he concluded on October 31, 1991, that the claimant was permanently disabled. The undersigned notes that Dr. Currie's opinion is not supported by significant objective medical evidence and that it is not consistent with either the medical history provided in this report or his previous reports of record. His opinion appears to be an attempt to support

---

**2.** 20 C.F.R. § 404.1527(d) provides that: [r]egardless of its source, we will evaluate every medical opinion we receive. Unless we give a treating source's opinion controlling weight under paragraph (d)(2) of this section, we consider all of the following factors in deciding the weight we give to any medical opinion.

The list of factors includes: (1) examination of the plaintiff; (2) treatment of the plaintiff over an extended period and in a detailed way; (3) supportability of the source's opinion with relevant evidence; (4) consistency; (5) specialization; and (6) other factors.

claimant's "retirement" and to support it with general statements such as fatigue is not uncommon in such situations. The undersigned has also not accepted the opinion of Dr. Beilson that the claimant was totally disabled on June 4, 1990, because his own subsequent reports and the reports of specialists after that opinion was provided do not support such a conclusion. (Tr. at 16).

The AIJ specified that she did not accept Dr. Currie's or Dr. Beilson's opinions, and also gave reasons for not accepting their opinions. This Court concludes that the ALJ's analysis was proper, and given that the final determination of disability is the prerogative of the Secretary's, the Court does not find that the ALJ's decision was reversible error.

## C. Grid

■ Defendant objects to the Magistrate Judge's finding that the ALJ improperly relied upon the grid or medical-vocational guidelines in determining disability. The Magistrate Judge did not assert that the ALJ's reliance on the grid was improper because plaintiff's characteristics do not identically match the description in the grid, or that the ALJ failed to specifically identify plaintiff's characteristics. *See Heckler v. Campbell*, 461 U.S. 458, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983); *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 528–29 (6th Cir.1981), *cert. denied*, 461 U.S. 957, 103 S.Ct. 2428, 77 L.Ed.2d 1315 (1983). In fact, the ALJ specified that plaintiff is over 50, has a high school and over education, has worked at a skilled work position at a heavy exertional level and has transferable skills to skilled work. The ALJ applied these vocational characteristics pursuant to 20 C.F.R. Part 404, Subpart P, Appendix 2, Section 201.15. However, the Magistrate Judge found that the ALJ's use of the grid

was improper because of plaintiff's potential nonexertional limitations.

Nonexertional impairments are defined as "certain mental, sensory, or skin impairments" or "impairments [which] result solely in postural and manipulative limitations or environmental restrictions." 20 C.F.R. Part 404, Subpart P, Appendix 2, Section 200.00(e).[3] The courts recognize a general rule that use of the grid to direct a finding is improper if nonexertional impairments limit the performance of a wide or full range of work at a designated residual functional capacity level. However, "[t]he fact that a claimant suffers from a non-exertional impairment does not . . . immediately preclude utilization of the grid. 'Before reaching the conclusion that the grid will not be applied because [the] claimant alleges non-exertional limitations, those non-exertional limitations must be severe enough to restrict a full range of gainful employment at the designated level.'" *Nelson v. Secretary of Health and Human Services*, 770 F.2d 682, 685 (7th Cir.1985) (quoting *Kirk*, 667 F.2d at 537).

The Sixth Circuit in determining whether the limitations preclude a full or wide range of employment has concluded that it is only when:

> "the nonexertional limitation restricts a claimant's performance of a full range of work at the appropriate residual functional capacity level that nonexertional limitations must be taken into account and a nonguideline determination made." Therefore, the mere possibility of a nonexertional limitation is insufficient. Not even a minor nonexertional limitation is enough; the claimant must show an impairment that significantly limits his ability to do a full range of work at a designated level.

*Kimbrough v. Secretary of Health and Human Services*, 801 F.2d 794, 796 (6th Cir. 1986) (quoting *Kirk*, 667 F.2d at 528).

---

**3.** 20 C.F.R. § 404.1569a(c) provides examples of nonexertional limitations or restrictions including the following:

  (i) You have difficulty functioning because you are nervous, anxious, or depressed;

  (ii) You have difficulty maintaining attention or concentrating;

  (iii) You have difficulty understanding or remembering detailed instructions;

  (iv) You have difficulty seeing or hearing;

  (v) You have difficulty tolerating some physical feature(s) of certain work settings, e.g., you cannot tolerate dust or fumes; or

  (vi) You have difficulty performing the manipulative or postural functions of some work such as reaching, handling, stooping, climbing, crawling, or crouching.

The Sixth Circuit has held that "[a] mere allegation of a nonexertional limitation is not sufficient to preclude application of the grid; the determining factor is whether the alleged nonexertional impairment is severe enough to alter the conclusion that the claimant could do a full range of sedentary work." *Cole v. Secretary of Health and Human Services,* 820 F.2d 768, 772 (6th Cir.1987) (citations omitted).

The nonexertional limits mentioned before this Court include pain, stress and fatigue. As indicated above, the ALJ did consider plaintiff's nonexertional limits and although the ALJ did not specifically refer to nonexertional limitation, the ALJ found "that while the claimant no doubt has a degree of pain and discomfort, it is not of such frequency, duration, and intensity to be disabling per se." (Tr. 18). The ALJ also had the benefit of reviewing Dr. Brown's Medical Assessment, which analyzed plaintiff's pain and other nonexertional limitations. Dr. Brown's report acknowledged that "patient states some limitation from chest pain...." In addition, Dr. Brown did not find any environmental restrictions (Tr. at 262).

As previously indicated, special deference is to be given to the ALJ's credibility determinations and the Court should not "second-guess" the conclusions of the Secretary concerning the claimant's credibility. This is true even when the Court might reach a different conclusion based on the same set of facts. *Mullen,* 800 F.2d at 545; *Garner,* 745 F.2d at 387–88.

Applying this criteria to the evidence that was presented to the ALJ, this Court concludes that the ALJ properly considered plaintiff's nonexertional limitations such as pain and fatigue, and that the decision of the ALJ is supported by substantial evidence.

Therefore, defendant's motion for summary judgment shall be granted and plaintiff's motion for summary judgment shall be denied.