54 F.3d 777
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 James A. MOORE, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 94-3195.
 United States Court of Appeals, Sixth Circuit.
 May 10, 1995.
 
 Before: KEITH and NELSON, Circuit Judges, and HORTON, District Judge.[1]
 PER CURIAM.
 
 
 1
 This is a social security case in which the plaintiff's insured status expired on December 31, 1971. The plaintiff contends that he has been continuously disabled since before that date. The Secretary determined otherwise, finding that the plaintiff was not disabled from mid-1970 through 1971. The plaintiff brought suit to challenge this finding.
 
 
 2
 The district court ultimately entered summary judgment in favor of the Secretary after a magistrate judge denied a motion in which the plaintiff sought either to have new evidence received by the court or to have the case remanded for further review by a medical advisor in light of the new evidence. Two issues are presented on appeal: (1) whether the Secretary's decision was supported by substantial evidence on the record as a whole, and (2) whether the district court erred in denying the motion with regard to the new evidence. Concluding, upon de novo review, that the record contains sufficient evidence to support the decision of the Secretary, and finding no error in the denial of the motion, we shall affirm the judgment of the district court.
 
 
 3
 * The plaintiff, James A. Moore, is a decorated Marine Corps veteran who suffered multiple fragment wounds in combat during May of 1967. He underwent extensive reconstructive surgery on his left forearm and hand, but still has sensory loss and significantly reduced function in that limb. He receives veteran's benefits of approximately $1600 a month.
 
 
 4
 Mr. Moore filed for Social Security benefits in 1968, claiming a disability onset date of May 16, 1967. He was granted benefits, but the Social Security Administration subsequently determined that his disability ended as of June 30, 1970. That determination was affirmed upon reconsideration, and Mr. Moore, who was not then represented by counsel, did not request further administrative review.
 
 
 5
 On December 6, 1972, Mr. Moore filed another application for benefits alleging continuous disability since May 16, 1967. This application too was denied initially and upon reconsideration. Subsequent applications, claiming disability due not only to shrapnel wounds but to post traumatic stress disorder and Agent Orange exposure as well, were dismissed on res judicata grounds.
 
 
 6
 On December 7, 1988, the Appeals Council vacated the last of these dismissals on the ground that the Disability Benefits Reform Act of 1984 had significantly changed the criteria used to evaluate applications based on mental impairments. An administrative law judge then conducted a hearing at which Mr. Moore and a psychiatric expert testified. The ALJ found that Mr. Moore had not been disabled during the relevant time period, basing this decision solely on an analysis of mental impairment resulting from Agent Orange exposure. The Appeals Council again granted a request for review. A different ALJ conducted a new hearing and subsequently found that even considering physical and mental impairments together, as directed by the Appeals Council, Mr. Moore had not been disabled. The Appeals Council denied review of this last decision.
 
 
 7
 Mr. Moore then sought review in federal district court. In the course of the court proceeding he sought to have new evidence introduced, including medical records that disclosed the presence of shrapnel in his right hip. A magistrate judge denied the motion and recommended affirmance of the Secretary's decision. The district adopted the magistrate's recommendation. This appeal followed.
 
 II
 
 8
 In determining whether the Secretary's findings are supported by substantial evidence, the court must examine the evidence in the record as a whole, and must take into account whatever in the record fairly detracts from its weight. Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992). If supported by substantial evidence, the Secretary's decision must stand even if this court would have decided the matter differently as a case of first impression. Cutlip v. Sec'y of Health & Human Servs., 25 F.3d 284, 286 (6th Cir. 1994). Affirmance is mandatory even if substantial evidence also supports the opposite conclusion. Mullen v. Brown, 800 F.2d 535, 545 (6th Cir. 1986) (en banc).
 
 
 9
 There is ample evidence in the record of this case that Mr. Moore's physical impairments did not render him physically disabled within the meaning of the Social Security Act. The record indicates that except for his left arm, Mr. Moore had considerable physical mobility at the time his benefits terminated. His daily activities and the reports of the doctors who examined him over the last two decades are consistent with the finding of no disability during the time frame in question.
 
 
 10
 As to Mr. Moore's post traumatic stress disorder and related problems -- disorders that were not diagnosed until many years after his insured status had expired -- the ALJ examined the evidence as if Mr. Moore were suffering from the later-diagnosed mental impairments during his initial period of disability. This was an appropriate approach. The instant case is analogous to schizophrenia cases, where "proof that [a claimant] was disabled due to schizophrenia after [the date on which she was last insured] is probative of the fact that she may have been disabled due to schizophrenia before [that date], although it is not conclusive." Stawls v. Califano, 596 F.2d 1209, 1213 (4th Cir. 1979).
 
 
 11
 The ALJ concluded -- correctly, in our view -- that even if Mr. Moore suffered from post traumatic stress, somatization, and dependent disorders in 1970, the criteria for the mental disorders listed in the "Listing of Impairments" (20 C.F.R. Sec.404, Subp't. P, App. 1) had not been met. Because Mr. Moore did not have a listed impairment, the ALJ considered vocational factors. 20 C.F.R. Sec. 404.1520(d). He determined that Mr. Moore could not perform past work, and lacked transferable work skills. 20 C.F.R. Sec. 404.1520(e). Additionally, Mr. Moore's mental condition limited the range of light work he was physically capable of performing during the relevant period. The ALJ further found that although Mr. Moore did display "episodes of deterioration in work or work-like settings," this was not sufficient to be disabling. Rather, Mr. Moore was limited to work situations where he would not be in intense contact with other people. Against this background, the ALJ concluded that Mr. Moore had the residual functional capacity to perform a number of jobs in the regional economy, such as assembler, guard/watchman, or gate-keeper. 20 C.F.R. Sec. 404.1520(f). The ALJ's findings were all supported by substantial evidence.
 
 III
 
 12
 Mr. Moore contends that the district court should have remanded his case to the Secretary pursuant to 42 U.S.C. Sec. 405(g) for consideration of newly discovered evidence, including evidence developed in January of 1993 regarding shrapnel lodged in his right hip. Remand for such a purpose is proper only if the claimant shows that (1) the evidence is (a) new and (b) material, and (2) good cause exists for failure to put the evidence in the record during the administrative proceedings. 42 U.S.C. Sec. 405(g); Sullivan v. Finkelstein, 496 U.S. 617, 626 (1990).
 
 
 13
 The evidence in question here appears to be new, and if the shrapnel was not discovered until recently there would appear to be good cause for failing to introduce the evidence at earlier hearings. But new evidence is material only if it is reasonably probable that the Secretary would have decided the claim differently if presented with the evidence. Sizemore v. Sec'y of Health & Human Servs., 865 F.2d 709, 711 (6th Cir. 1988). Mr. Moore complained of pain in both hips, but he focused primarily on the left side. It is unlikely that the evidence of shrapnel on the right side would change the Secretary's assessment that Mr. Moore's pain was not disabling within the meaning of the Social Security Act. Because the additional evidence does not meet the statutory requirements for remand, denial of the motion was not erroneous.
 
 
 14
 For the reasons stated, and for the reasons cited by the magistrate judge in his filings of September 21, 1993, and by the district judge in his memorandum of opinion filed on December 14, 1993, the judgment is AFFIRMED.
 
 
 
 [1]
 The Honorable Odell Horton, United States District Judge for the Western District of Tennessee, sitting by designation