65 F.3d 168
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Willie KEITH, Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY, Defendant-Appellee.
 No. 94-1706.
United States Court of Appeals, Sixth Circuit.
 Aug. 30, 1995.
 
 Before: MARTIN, GUY and DAUGHTREY, Circuit Judges.
 PER CURIAM.
 
 
 1
 This appeal stems from the defendant's denial of Social Security disability benefits to the plaintiff, Willie Keith. We find no basis on which to disturb the district court's judgment and affirm.
 
 
 2
 Keith injured his back at work in 1988. Both his initial and subsequent applications for disability were denied. The ALJ who originally heard the case denied benefits in January 1989, but the case was remanded by the Appeals Council for further evaluation. At a second hearing in 1990, another ALJ likewise denied benefits, finding that the plaintiff had the capacity to perform a full range of light work. The Appeals Council denied review.
 
 
 3
 Keith then filed this action in federal district court, in January 1991, but before it could be heard, the matter was remanded to the Social Security Administration by agreement. Following a third hearing, in 1992, the ALJ once again denied benefits, based on his determination that the plaintiff was not generally credible and that he had the residual functional capacity to perform the full range of light work, except truck driving (his prior occupation).
 
 
 4
 Keith filed a petition for review with the Appeals Council, which modified the ALJ's decision, finding that the plaintiff had the residual functional capacity to perform a limited range of light work, excluding those jobs requiring driving or bilateral manual dexterity.
 
 
 5
 When the case once more came before the district court, the district judge disapproved the magistrate judge's recommendation that the matter be remanded to the Social Security Administration yet again, and granted summary judgment to the defendant, denying benefits to the plaintiff. After careful study of the record, and having had the benefit of oral argument by counsel for the plaintiff, we conclude that the district court was correct in ruling that there was substantial evidence to support the Appeals Council's findings (1) that Keith is capable of performing a limited range of light work and (2) that a substantial number of such jobs exist in the local economy. Because that evidence is extensively detailed in the opinions of the ALJ, the Appeals Council, and the district judge, we conclude that no useful purpose would be served in reiterating it here. We specifically note, however, that the district judge upheld the Appeals Council's interpretation of the medical evidence and, despite the ALJ's error in calculating the amount of medication Keith was taking in the summer of 1991, also upheld the ALJ's determination as to Keith's credibility, pursuant to our ruling in Sizemore v. Secretary of Health and Human Services, 865 F.2d 709, 713 (6th Cir.1988).
 
 
 6
 The district judge noted, as do we, that a reviewing court may not retry the case, resolve factual or evidentiary conflicts, or second-guess the conclusions of the Commissioner concerning the claimant's credibility. See Garner v. Heckler, 745 F.2d 383, 387-88 (6th Cir.1984). Moreover, this is true even if we might otherwise reach the contrary result based on the same set of facts. See Mullen v. Bowen, 800 F.2d 535, 845 (6th Cir.1986). Constrained by these limitations on our review, we AFFIRM the judgment of the district court.