**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 22 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

LEWIS AARON COOK,

      Plaintiff - Appellant,

v.

SOCIAL SECURITY
ADMINISTRATION and UNITED
STATES ATTORNEY,

      Defendants - Appellees.

No. 99-5041

N.D. Oklahoma

(D.C. No. CV-98-74-J)

---

**ORDER AND JUDGMENT**  *

---

Before **ANDERSON** , **KELLY** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Claimant Lewis Aaron Cook appeals from an order of the magistrate judge [1] which affirmed the Commissioner of Social Security's denial of his application for social security disability benefits. We have jurisdiction under 28 U.S.C. §§ 636(c)(3), 1291 and 42 U.S.C. § 405(g), and we affirm.

Mr. Cook applied for Supplemental Security Income benefits, alleging an inability to work beginning July 1, 1995, due to headaches, pain in the left shoulder, feet swellings, hypertension, and poor eyesight. He appeared pro se before an administrative law judge (ALJ) in September 1996. The ALJ reviewed the medical evidence, including a report by a consultive physician, heard testimony, and obtained an opinion from a vocational expert. Following the hearing, the ALJ determined that Mr. Cook has no past relevant work, and he denied the claim at step five of the evaluation sequence. See generally Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988). The ALJ found that Mr. Cook had a residual functional capacity (RFC) to perform medium work, with specified limitations, [2] and that there were a significant number of jobs in the national

---

[1]Pursuant to 28 U.S.C. § 636(c)(1), the magistrate judge sat for the district court by consent of the parties.

[2]The ALJ found that Mr. Cook could not perform any work which required 1) acute left eye vision, or 2) lifting more than 50 pounds occasionally and 25 pounds frequently, or 3) reaching overhead with his left arm. R. Doc. 1, Ex. B at 12. With regard to Mr. Cook's vision, the ALJ noted an optometrist's testimony that Mr. Cook had progressive bilateral cataracts which could be fixed by surgery. Id., Ex. B at 7.

economy that he could perform. R. Doc. 1, Ex. B at 12. In reaching this conclusion, the ALJ discounted inconsistent portions of Mr. Cook's medical history, and he determined that Mr. Cook's subjective complaints of disabling limitations and pain were not credible to the extent alleged. The Appeals Council denied Mr. Cook's request for review, making the ALJ's decision the final agency decision. Id., Ex. A. Thereafter, Mr. Cook filed this action in the district court. The magistrate judge affirmed the Commissioner's denial of benefits.

On appeal, Mr. Cook asserts that neither the ALJ, nor the Appeals Council, nor the magistrate judge considered the evidence which he submitted to prove he was blind. [3]

. According to the record, the ALJ received evidence of eye exam results from September 1995 and September 1996. The 1995 exam showed uncorrected vision of 20/40-2 for the right eye, 20/100 for the left eye, and uncorrected vision with both eyes of 20/40-2. The 1996 exam showed corrected vision of 20/25 for the right eye, 20/70 for the left eye. In December 1996, Mr. Cook obtained another eye exam, which he submitted to the Appeals Council. That exam showed

---

[3]Although Mr. Cook also raised issues regarding other claimed disabilities in the district court, he raised only the issue of his vision in his opening brief to us. While he briefly alludes to those other claims of disability in his reply brief, his failure to raise those issues in his initial brief precludes our consideration of them. See State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d 979, 984 n.7 (10th Cir. 1994).

corrected vision of 20/30 for the right eye, 20/200 for the left eye. Appellant's

Br., Ex. at 21. At the time of the December 1996 exam, Mr. Cook's treating

physician recommended cataract surgery for the left eye. [4] Id.

The regulations define statutory blindness as "central visual acuity of

20/200 or less in the better eye with the use of a correcting lens." 20 CFR

§ 416.981. Under that definition, there is no evidence to support Mr. Cook's

claim of statutory blindness. However, pursuant to 20 CFR § 416.985, if a

---

[4]In addition to the above evidence which was clearly presented to the district court, Mr. Cook has also attached papers to his appellate brief which document two eye surgeries and three eye exams which were performed in 1997. According to these documents, Mr. Cook underwent surgery in February 1997 for the removal of his left eye cataract and the implantation of an intraocular lens. Appellant's Br., Ex. at 17-18. In March 1997, Mr. Cook's follow-up eye exam showed uncorrected left eye vision of 20/20 and corrected vision for the right eye of 20/30 (decreased to 20/60 when glare factor was considered). Id., Ex. at 20. At that time, cataract surgery was recommended for the right eye, id., and in May 1997, Mr. Cook underwent surgery for the removal of his right eye cataract and implantation of an intraocular lens, id., Ex. at 15-16. A follow-up eye examination in August 1997 showed 20/30 right eye vision and 20/25 left eye vision. Id., Ex. at 3. By November 1997, Mr. Cook's eye examination showed "correctable acuity" of 20/20 in both eyes. Id., Ex. at 13.

While information regarding Mr. Cook's left eye surgery was briefly alluded to in the district court, it is unclear whether any of these documents were actually submitted. See R. Doc. 12 at 3. In any event, the Commissioner cites to this "new" evidence in its brief, arguing that it supports his position that Mr. Cook failed to prove an impairment. Appellee's Br. at 13-14. However, since these documents were apparently not before the district court, we make note of some of the undisputed facts found therein in order to complete the chronicle, but we have not based our opinion on the documents. Moreover, even if we were to specifically address these documents, we would still find no disability under the Social Security Act.

claimant does not meet the definition for statutory blindness, the Social Security Administration "will evaluate a visual impairment the same as we evaluate other impairments in determining disability," and the claimant "may still be eligible for benefits if [the Administration] find[s] that [the claimant is] disabled as defined in §§ 416.905 through 416.907."

A person is disabled within the meaning of the Social Security Act if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); see also 20 C.F.R. § 404.1505(a).

In this case, Mr. Cook's objective eye tests demonstrate that, with correction, he had excellent vision in one eye at all relevant times. Thus, Mr. Cook has presented no evidence that he was visually disabled for a continuous 12-month period. Moreover, the ALJ's limitations to RFC expressly took into account the visual impairment which Mr. Cook experienced prior to his cataract

surgery. [5]    Accordingly, we conclude that the ALJ's decision was supported by substantial evidence and the correct legal standards were applied.

AFFIRMED.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge

---

[5]See note 2, supra.  Additionally, even though Mr. Cook's vision did briefly deteriorate following the ALJ's decision, the ALJ cannot award benefits based on a possibility that a claimant's condition may deteriorate to the point of disability in the future.  Cf. Sizemore v. Secretary of Health & Human Servs., 865 F.2d 709, 712 (6th Cir. 1988).