**Maria ROY, Plaintiff–Appellant,**

v.

**Kenneth S. APFEL, Commissioner of Social Security, Defendant–Appellee.**

No. 00–4455.

United States Court of Appeals, Sixth Circuit.

Oct. 31, 2001.

Before BOGGS, GILMAN, and BRIGHT,* Circuit Judges.

## ORDER

Maria Roy, appearing with counsel, appeals from a district court order affirming the Commissioner's denial of her application for Social Security Supplemental Security Income Benefits. See 42 U.S.C. § 405(g). The court sent a letter to the parties inquiring why the case should not be submitted without oral argument, and neither party responded. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Roy filed an application for benefits alleging that she was disabled due to non-Hodgkins lymphoma and disc impairments in her neck and back. Following a hearing, an administrative law judge (ALJ) determined that Roy was not disabled because she could perform her previous work as a barmaid. The Appeals Council declined to review the ALJ's determination and the district court affirmed the Commissioner's decision to deny benefits.

■ Upon review, we conclude that substantial evidence exists to support the district court's order affirming the Commissioner's decision. See Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 534 (6th Cir. 2001). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quotation marks and citation omitted). Although three physicians evaluated Roy's residual functional capacity to be minimal, such opinions receive greater weight only if they are accompanied by sufficient clinical findings and are supported by the evidence. Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 530 (6th Cir.1997). We agree with the Commissioner that the opinions of Doctors Richards, Cormier, and Straus are not supported by sufficient specific, clinical findings. We also conclude that the ALJ did not impermissibly substitute his own opinion for that of the doctors because the ALJ was speaking about residual functional capacity, an area where the ALJ makes the legal decision. See 20 C.F.R. § 416.946; Diaz v. Chater, 55 F.3d 300, 306 n. 2 (7th Cir.1995). Finally, the ALJ properly utilized Roy's description of her daily activities to discount her allegations of severe pain. See Bogle v. Sullivan, 998 F.2d 342, 348 (6th Cir. 1993); Tyra v. Sec'y of HHS, 896 F.2d 1024, 1030 (6th Cir.1990).

■ Roy also submitted post-hearing evidence to the Appeals Council. Under 42 U.S.C. § 405(g), sentence six, such evidence must, among other things, be mate-

---

* The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.

**391**

rial. Evidence is material if it demonstrates a reasonable probability that the Commissioner would have reached a different disposition of the disability claim. *Sizemore v. Sec'y of HHS*, 865 F.2d 709, 711 (6th Cir.1988) (per curiam). In one of the newly submitted reports, Dr. Cormier states that he believes Roy is a malingerer and that most patients with Roy's condition keep working full time. In light of this conclusion, no reasonable probability exists that the Commissioner would have reached a different disposition of Roy's claim. The district court properly denied a sentence six remand.

The order of the district court is affirmed.