*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 09a0119p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

ALMON DALE ALLEN,

        *Plaintiff-Appellant,*

    *v.*

COMMISSIONER OF SOCIAL SECURITY,
Michael J. Astrue, Commissioner,

        *Defendant-Appellee.*

No. 08-5342

Appeal from the United States District Court
for the Western District of Kentucky at Paducah.
No. 07-00049—Edward H. Johnstone, District Judge.

Submitted: October 31, 2008

Decided and Filed: March 27, 2009

Before: CLAY, GILMAN, and ROGERS, Circuit Judges.

———————————

## COUNSEL

**ON BRIEF:** Craig Housman, HOUSMAN & ASSOCIATES, Paducah, Kentucky, for Appellant. Jerome M. Albanese, Nancy R. Bartlett, Mary Ann Sloan, Dennis Robert Williams, Elyse Sara Sharfman, Holly A. Grimes, SOCIAL SECURITY ADMINISTRATION, OFFICE OF THE GENERAL COUNSEL, Atlanta, Georgia, James H. Barr, ASSISTANT UNITED STATES ATTORNEY, Louisville, Kentucky, for Appellee.

    ROGERS, J., delivered the opinion of the court, in which GILMAN, J., joined. CLAY, J. (pp. 13-14), delivered a separate dissenting opinion.

———————————

## OPINION

———————————

    ROGERS, Circuit Judge. Almon Dale Allen applied for and was denied social security benefits for the period ending September 11, 2006. While attempting to reopen this initial case, Allen filed a new benefits application and the Social Security Administration granted Allen benefits beginning September 12, 2006. Allen now appeals the denial of his

first application, claiming that the initial administrative law judge violated agency procedural regulations by failing to articulate "good reasons" for discounting the opinion of his treating physician. Alternatively, Allen argues that the subsequent favorable determination serves as new, material evidence in the initial decision requiring a remand to the agency. Because the ALJ properly followed the Social Security Administration's regulations, and because the subsequent favorable decision, on its own, is not new and material evidence, we affirm the district court's decision upholding the Commissioner's denial of Allen's initial benefits request.

## I.

### A.  Initial Decision Denying Benefits

Allen applied for disability insurance benefits on December 6, 2004, claiming that he became disabled on January 1, 2002, due to degenerative disc disease, neck, back, and shoulder pain, severe headaches, and leg weakness. The Agency denied Allen's claim initially and on rehearing, and Allen requested and was granted a hearing before an administrative law judge ("ALJ"). On September 11, 2006, the ALJ issued a decision finding Allen not disabled.

In his decision, the ALJ applied the five-step analysis required by 20 C.F.R. § 404.1520(a) to determine if Allen was disabled. As part of the evidence presented, the ALJ reviewed a letter from Dr. McCord, a physician who began treating Allen in December 2005. Dr. McCord's letter responded to the following series of questions posed by Allen's attorney in an earlier questionnaire:

> 1. Although Mr. Allen did not begin treatment with you until December 8, 2005 you are aware that his cervical and lumber spine problems are of longstanding duration, and he previously sought treatment with other physicians, including Dr. Miranda Gaw, for his complaints of severe pain in the cervical, lower thoracic and lumbar spine. I have included the progress notes and MRI scan results from this physician, and upon your review of those records, would you be able to state that it is reasonable to conclude that at all times since December 2003, Mr. Allen's symptoms/conditions have essentially remained unchanged?
>
> 2. With his diagnosed cervical and lumbar spine conditions dating to at least December 2003, do you believe it reasonable that, as Mr. Allen has stated, he would have "good" and "bad" days with regard to symptoms, such that

on "good" days, he can stand "maybe an hour or two" but that on "bad" days, he has to get off his feet after only 30 minutes or less?

3. With regard to the issue of walking, Mr. Allen states that on "good" days, he might be able to walk for up to a mile at a time, but that on "bad" days, he is unable to walk much more than one block. Again, in light of his diagnosed spine conditions, is it your opinion that such limitations are credible and reasonable?

4. Mr. Allen has testified when he is having a "bad" day with his neck and back, estimated to occur at least one or two days per week, he requires recumbent rest to deal with his pain and would not be able to be up on his feet for a total of more than four hours in an 8 hour period. Based upon the results of your examinations and imaging study findings does he have a spinal condition which is reasonably capable of causing these symptoms as he describes them?

AR at 270-71. Dr. McCord simply answered "yes" to all of these questions. The ALJ did not give much weight to Dr. McCord's letter, stating:

These affirmative answers were not helpful to the undersigned. Dr. McCord merely affirmed that it might be reasonable to conclude the claimant's symptoms had remained unchanged since December of 2003, an opinion the undersigned found to be speculative since Dr. McCord had not seen the claimant for the first time until some two years later, on December 8, 2005. Dr. McCord was also asked to opine whether the claimant's complaints or descriptions of his abilities and symptoms are credible. The affirmative response from Dr. McCord is of no help to the undersigned since the issue of credibility is reserved to the Commissioner.

AR at 39.

After reviewing all of the evidence and conducting the required analysis, the ALJ concluded that "the claimant has the residual functional capacity to lift and carry twenty pounds occasionally and ten pounds frequently. The claimant can stand or walk for six hours per eight-hour workday and can sit for six hours per workday (with normal breaks)." AR at 37-38. "[T]he claimant has been capable of making a successful adjustment to other work that exists in significant numbers in the national economy. A finding of 'not disabled' is therefore appropriate." AR at 40.

Allen requested a review of the ALJ's decision. On December 14, 2006, the Appeals Council denied Allen's request and the ALJ's decision became the final decision of the Commissioner. On January 5, 2007, Allen submitted a request to reopen his case to the

Appeals Council and attached records of neck surgery he underwent on April 19 and 21, 2006. The Appeals Council referred the request to reopen to the ALJ who made the initial decision and extended Allen's time to file a civil action in district court.[1] On March 26, 2007, Allen filed a complaint in the United States District Court for the Western District of Kentucky seeking review of the benefits denial. On April 9, 2007, the ALJ denied Allen's request to reopen the case based on the newly submitted surgical records.

In his letter denying Allen's request to reopen the case, the ALJ stated:

> The mere occurrence of surgery does not provide a scintilla of evidence of any negative change in the claimant's condition. The surgery could have improved his condition. The claimant and his attorney have failed to prove any change in his condition which would warrant a change in any finding pertinent to any matter at issue or in the ultimate decision. Therefore, the presented evidence is not both "new" and "material" and does not satisfy the regulatory standard for reopening.

### B.  Subsequent Decision Granting Benefits

While the initial ALJ's decision denying benefits was pending before the Appeals Council, Allen again applied for disability benefits. Allen received a "Notice of Award" letter dated February 25, 2007, stating that he was found to be disabled starting September 12, 2006, the day after the ALJ's initial decision.[2] The award letter did not state the reasons for this disability determination.

---

[1] In a letter to Allen's attorney notifying him of the referral to the ALJ, the Appeals Council noted that the surgical records were not timely submitted to the ALJ or the Appeals Council on initial review:

> The Appeals Council further notes that the Administrative Law Judge . . . granted the claimant sufficient time to submit additional evidence, but no evidence other than that in Exhibit 13F was submitted prior to the September 11, 2006, decision, nearly 5 months after the hearing. Moreover, no additional evidence was submitted to the Appeals Council with the November 15, 2006, request for review.

AR at 4.

[2] Pursuant to the Social Security Administration's December 30, 1999, Emergency Message 99147, a subsequent grant of benefits cannot extend earlier than the day after the prior denial. *See also* Social Security Administration's Hearings, Appeals and Litigation Law Manual ("HALLEX"), Volume I-5-3-17, § I.A. It is this procedure that creates the common "day-later" change in eligibility determination.

## C.  District Court Proceedings

Allen's motion for summary judgment in the district court seeking remand to the Commissioner raised three issues:

> A.  In view of the subsequent favorable determination, effective the day after Judge Schum's decision, a sentence 6 remand [under 42 U.S.C. § 405(g)] is appropriate.
>
> B.  Did the administrative law judge commit legal error by failing to provide good reasons for disregarding the treating spine specialist's verification of Mr. Allen's limitations?
>
> C.  As a matter of affording the Social Security claimant due process, is the Commissioner required to follow his own rules and base his determination on a correct understanding of the facts when considering a request to reopen?

On October 12, 2007, the magistrate judge assigned to this case filed a report and recommendation rejecting all of Allen's contentions and upholding the agency's denial of benefits.  The magistrate judge rejected Allen's request for remand under sentence six of § 405(g) because: 1) a subsequent favorable decision, on its own, does not constitute new and material evidence under § 405(g), and the new determination was likely based on Allen's new age category; 2) the surgical records are not material evidence for the reasons stated in the ALJ's April 9, 2007, letter denying Allen's request to reopen the case; and 3) the raw medical data contained in the surgical records was cumulative of probative evidence already before the ALJ, and therefore not material.

The magistrate judge also rejected Allen's second contention, finding that the ALJ provided good reasons for disregarding Dr. McCord's questionnaire responses. The magistrate judge found that the ALJ's rejection of Dr. McCord's credibility determination was appropriate under Social Security regulations and Sixth Circuit precedent.

Finally, the magistrate judge determined that the district court did not have subject matter jurisdiction to review Allen's final claim.   The magistrate judge interpreted this contention as a request for "a judicial remand for the purpose of requiring the Commissioner to follow his own standards and rules pertaining to

reopening of prior denial decisions." The magistrate judge concluded that Allen failed to show that this claim falls under one of the limited situations where a district court has the authority to review final decisions of the Commissioner.

On January 16, 2008, the district court adopted the magistrate judge's report and recommendation upholding the decision of the Commissioner. Allen appeals.

## II.

On appeal, Allen raises arguments based on the first and second contentions in his district court motion. Allen claims that the initial ALJ violated agency regulations by failing to articulate "good reasons" for discounting Dr. McCord's questionnaire responses, and that the subsequent favorable determination serves as new, material evidence requiring a remand to the agency under sentence six of § 405(g). The district court, however, properly found that remand is not appropriate under either of Allen's claims.

## A.

The ALJ fully satisfied agency procedural requirements by providing good reasons for discounting Dr. McCord's questionnaire responses, and therefore remand is not required for failure to do so. We have remanded cases to the agency when the agency fails to follow its own regulations by not stating "good reasons" for giving diminished or no weight to a treating physician's opinion. *See, e.g.*, *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007). The ALJ in this case accepted some of Dr. McCord's opinions, rejected others as speculative, and gave others no weight because they dealt with decisions reserved exclusively to the Commissioner. The ALJ provided good reasons to support each of these conclusions.

Social Security regulations require the agency to provide good reasons for the weight given to a treating physician's opinion, such as Dr. McCord's four questionnaire responses. 20 C.F.R. § 404.1527(d)(2) states that "[w]e will always give good reasons in our notice of determination or decision for the weight we give your treating source's

opinion."  The ALJ provided a good reason for discounting Dr. McCord's response to Allen's first question regarding the persistence of Allen's condition:

> Dr. McCord merely affirmed that it might be reasonable to conclude the claimant's symptoms had remained unchanged since December of 2003, an opinion the undersigned found to be speculative since Dr. McCord had not seen the claimant for the first time until some two years later, on December 8, 2005.

While this stated reason may be brief, it reaches several of the factors that an ALJ must consider when determining what weight to give a non-controlling opinion by a treating source, including: the length of the treatment relationship and the frequency of examination, 20 C.F.R. § 404.1527(d)(2)(i); the nature and extent of the treatment relationship, § 404.1527(d)(2)(ii); and the supportability of the opinion, § 404.1527(d)(3).

The magistrate judge properly noted that Dr. McCord's final three responses presented the doctor's opinion[3] on two distinct issues: 1) whether Allen's spinal condition could reasonably cause the symptoms and limitations described by Allen, and 2) whether these specific symptoms and limitations as described by Allen are credible. With regard to the first issue of general reasonableness, the ALJ agreed with and accepted Dr. McCord's affirmative responses: "After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms . . . ."

When evaluating Allen's statements of subjective pain, however, the ALJ was required to go further and determine the actual intensity and persistence of Allen's symptoms and how these symptoms limit Allen's ability to work.  20 C.F.R. § 404.1529(c) ("When the medical signs or laboratory findings show that you have a

---

[3] In addition to the reasons for discounting Dr. McCord's responses provided by the ALJ, the second through fourth responses appear to be outside the scope of "medical opinions" as defined in 20 C.F.R. § 404.1527(a)(2). Section 404.1527(a)(2) defines medical opinions as "statements from physicians and psychologists . . . that reflect judgments about the nature and severity of *your* impairment(s), including *your* symptoms, diagnosis and prognosis, what *you* can still do despite impairment(s), and *your* physical or mental restrictions."  *Id*. (emphasis added).  Dr. McCord's responses to the final three questions address the general relationship between Allen's spinal condition and the symptoms/limitations it may cause, rather than addressing the specific extent of Allen's limitations.

medically determinable impairment(s) that could reasonably be expected to produce your symptoms, such as pain, we must then evaluate the intensity and persistence of your symptoms so that we can determine how your symptoms limit your capacity for work."); *see also* § 404.1529(b) ("The finding that your impairment(s) could reasonably be expected to produce your pain or other symptoms does not involve a determination as to the intensity, persistence, or functionally limiting effects of your symptoms."). It was at this second step that the ALJ determined "that the claimant's statements concerning the intensity, duration and limiting effects of these symptoms are not entirely credible."

The ALJ provided a good reason for rejecting Dr. McCord's questionnaire responses to the extent that they opined on the credibility of Allen's statements regarding the specific limitations of his spinal condition:

> Dr. McCord was also asked to opine whether the claimant's complaints or descriptions of his abilities and symptoms are credible. The affirmative response from Dr. McCord is of no help to the undersigned since the issue of credibility is reserved to the Commissioner.

Social Security regulations state that "[o]pinions on some issues . . . are not medical opinions . . . but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability." 20 C.F.R. § 404.1527(e) (providing a non-exhaustive list of examples of issues reserved to the Commissioner). Precedent in this circuit and agency rulings support the ALJ's conclusion that Dr. McCord's opinion of Allen's credibility addresses one of the issues reserved to the Commissioner and therefore is not a medical opinion requiring consideration. "[C]redibility determinations with respect to subjective complaints of pain rest with the ALJ." *Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987); *see also Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997) ("[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility."); Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *4 (1996).

Because the ALJ followed agency regulations by stating good reasons for discounting Dr. McCord's questionnaire responses, remand to the agency is not required for failing to do so.

**B.**

The subsequent determination that Allen was disabled does not warrant a remand of his initial benefits denial.  Sentence six of 42 U.S.C. § 405(g) describes a situation where a court can remand a case to the agency:

> The court may . . . at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

Allen argues that his subsequent favorable decision finding him disabled beginning the day after the initial decision denying benefits constitutes new and material evidence justifying remand under § 405(g).  The magistrate judge correctly found that a subsequent favorable decision itself, as opposed to the evidence supporting the subsequent decision, does not constitute new and material evidence under § 405(g).  Therefore, Allen did not meet his burden of showing that remand is proper under this section.  *See Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988).

The Supreme Court's interpretation of sentence six of § 405(g) in *Melkonyan v. Sullivan*, 501 U.S. 89 (1991), states as follows:

> The district court does not affirm, modify, or reverse the Secretary's decision; it does not rule in any way as to the correctness of the administrative determination.  Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding.

*Id.* at 98.  Under sentence six, the mere existence of the subsequent decision in Allen's favor, standing alone, cannot be evidence that can change the outcome of his prior

proceeding. A subsequent favorable decision may be *supported by* evidence that is new and material under § 405(g), but the decision is not itself new and material evidence.

If a subsequent favorable decision—separated from any new substantive evidence supporting the decision—could itself be "new evidence" under sentence six, the only way that it might change the outcome of the initial proceeding is by the power of its alternative analysis of the same evidence. But remand under sentence six is not meant to address the "correctness of the administrative determination" made on the evidence already before the initial ALJ.[4] *Id.* In addition, it is overly broad to read the words "new evidence" in sentence six to include a subsequent decision based on the same evidence. In *Melkonyan*, the Court noted that the legislative history of § 405(g) shows that "Congress made it unmistakably clear that it intended to limit the power of district courts to order remands for 'new evidence' in Social Security cases." *Id*. at 100.

A sentence six remand would be appropriate based on Allen's subsequent favorable decision only if the subsequent decision was supported by new and material evidence that Allen had good cause for not raising in the prior proceeding. It is Allen's burden to make this showing under § 405(g), *see Sizemore*, 865 F.2d at 711, but he has failed to meet this burden. On appeal, Allen does not argue that there is any new substantive evidence that might change the outcome of the previous denial, but instead relies exclusively on the existence of the subsequent decision. To the extent that Allen argues that remand is appropriate based on the *possibility* of new and material evidence, this contradicts the clear language of § 405(g) that requires a "*showing that there is new evidence* which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g) (emphasis added).

In his motion for summary judgment before the district court, however, Allen mentioned past back surgeries and corresponding medical records as possible new and material evidence. Allen had already presented this evidence to the Appeals Council,

---

[4]In contrast, sentence four of § 405(g) allows a court to enter "a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." Allen does not argue for a sentence four remand.

which in turn referred the question of reopening the initial decision to the original ALJ. The ALJ properly rejected this evidence as cumulative and not material in his denial of Allen's motion to reopen, and the district court rejected the evidence as not material. Because Allen failed to show that there is "new evidence which is material," the district court correctly found that remand under sentence six of § 405(g) is not appropriate.

Allen relies on *Hayes v. Astrue*, 488 F. Supp. 2d 560, 565 (W.D. Va. 2007), and *Bradley v. Barnhart*, 463 F. Supp. 2d 577 (S.D.W.V. 2006), for the proposition that "where a second social security application finds a disability commencing at or near the time a decision on a previous application found no such disability, the subsequent finding of a disability may constitute new and material evidence." *Hayes*, 488 F. Supp. 2d at 565; *see also Reichard v. Barnhart*, 285 F. Supp. 2d 728, 734 (S.D. W.Va. 2003); *Luna v. Astrue*, No. CIV 07-719-PHX-MHB, 2008 WL 2559400, at *2 (D. Ariz. June 23, 2008); *Graham v. McMahon*, No. 7:06cv00475, 2007 WL 2021893, at *2 (W.D. Va. July 6, 2007). To the extent that these district court opinions stand for the proposition that the subsequent determination is itself new evidence meriting remand, these opinions misapply § 405(g) for the reasons stated above.

In addition, several of these cases distinguish *Bruton v. Massanari*, 268 F.3d 824 (9th Cir. 2001), a case in which the claimant's § 405(g) request based on a subsequent favorable determination was denied because the second application "involved different medical evidence, a different time period, and a different age classification." *Id.* at 827. The magistrate judge in this case correctly identified how Allen's second determination was likely based on a different age category because he turned 55 before the second ruling: "[D]ue to a 'different age classification' as contemplated by *Bruton*, . . . it appears that the Commissioner was required as a matter of law and pursuant to the 'grids' to find the plaintiff disabled for the period after February 3, 2007." This case highlights the problem with treating a subsequent favorable decision as "new evidence which is material," without requiring the plaintiff to show what evidence supported that decision. The new determination might be based on a change in the claimant's condition that occurred after the initial determination or a change in the claimant's circumstances,

such as entering a new age classification.  Neither of these situations justifies a remand under sentence six of § 405(g).

In the case of a subsequent favorable determination, a sentence six remand is appropriate only if the plaintiff can show new substantive evidence that might have changed the outcome of the prior proceeding, and good cause for failing to bring this evidence in the original proceeding.  The district court correctly determined that Allen has failed to make this showing.

### III.

For these reasons, we affirm the district court's decision upholding the Commissioner's denial of Allen's initial benefits request and dismissing Allen's complaint.

———————————

**DISSENT**

———————————

CLAY, Circuit Judge, dissenting.   I dissent from the majority's analysis addressing whether remand to the Commissioner is appropriate under sentence six of § 405(g).   In concluding that Allen has failed to present "new evidence which is material" to support a remand pursuant to sentence six of § 405(g), the majority resorts to conclusory statements and unsupported assumptions.   The majority asserts that "the subsequent decision in Allen's favor, standing alone," is the only possible "new evidence" that could support a remand under § 405(g).   Op. at 10. However, the second application is not in the record before the panel on appeal, and there is no evidence indicating what Allen did or did not submit to the SSA in support of his second application.

Without examining the evidence submitted in support of Allen's subsequent application for benefits, this Court cannot determine whether there is "new evidence which is material" underlying the subsequent determination of disability that would support a sentence six remand.   Because examination of the evidence supporting the SSA's subsequent award of benefits is necessary to properly evaluate whether there is "new evidence which is material," I would remand for a determination of whether the available evidence indicates that the sole possible basis for remand under sentence six is the subsequent favorable determination.[1]   In view of the incomplete and contradictory state of the record, the preferable disposition of this appeal would be to remand with instructions for clarification regarding the state of the evidence we are to consider in connection with this appeal.   Contrary to the majority's opinion, the problem here is not

---

[1]Further demonstrating the conclusory nature of the majority's opinion is its suggestion that the subsequent finding that Allen was disabled "was likely based on a different age category." Op. at 12.  The majority joins the magistrate judge in speculating that "[t]he new determination might be based on a change in the claimant's [age]" that required the Commissioner "as a matter of law and pursuant to the 'grids' to find the plaintiff disabled for the period after February 3, 2007." *Id.* However, the letter awarding Allen benefits provides no indication as to how the SSA arrived at its determination that Allen was disabled.  Thus, the majority can only speculate as to the reasons underlying the SSA's subsequent conclusion that Allen was disabled.

simply that the record fails to reveal new material evidence, or that Allen has failed to meet his burden; rather, the confusing and ambiguous state of the record should be addressed prior to a ruling by this Court.  Because of this recommended disposition, I find it unnecessary to reach the issue of whether a subsequent favorable determination itself, apart from the evidence supporting that determination, can constitute "new evidence which is material" for purposes of § 405(g).

Inasmuch as the majority opinion is based on insufficient support in the record for its conclusory statements, I respectfully dissent from the majority's conclusions regarding Allen's request to remand to the Commissioner under sentence six of § 405(g).