NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2118
_____

TERRIN M. JACKSON,
                                        Appellant
                    v.

MICHAEL J. ASTRUE,
Commissioner of Social Security
_____

ON APPEAL FROM THE ORDER OF THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF DELAWARE
(D.C. Civ. No. 08-cv-00844)
District Judge:   Honorable Noel L. Hillman
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 16, 2010
Before:  AMBRO, FISHER and WEIS, Circuit Judges.
Filed: November 23, 2010
_____

OPINION
_____

WEIS, Circuit Judge.

        Claimant, a 56 year old former longshoreman, tore his right rotator cuff

when he fell at his workplace in June 2003.  Despite undergoing two surgical procedures

and physical therapy, he was not able to return to his previous occupation.  He attempted

1

to work as a cargo checker in 2005 but testified that he was unable to perform the job. He further testified that he continues to suffer pain, numbness, and limited range of motion in the right arm and shoulder, and he described his diabetic condition and sleep apnea as additional problems.

After a hearing in April 2007, the ALJ found that claimant was not "disabled" according to the definition set forth in the Social Security Act, because he could perform light exertional work requiring the use of only one arm. The Appeals Council affirmed, and claimant appealed that decision to the United States District Court.

The District Court performed a comprehensive review of the claimant's record, including the ALJ's assessment of the testimony and numerous medical reports. Applying the proper standard of review, see 2 U.S.C. §§ 405(g), 1383(c)(3); Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001) (Commissioner's decision must be upheld if supported by "substantial evidence"), the District Court found that the Commissioner's decision was supported by substantial evidence, affirmed the agency's determination, and entered summary judgment in its favor.

While the claimant's appeal of that ruling was pending in this Court, counsel informed us that in July 2010, claimant had been awarded disability benefits as of December 1, 2009. The issue before us is, therefore, a narrow one: Did the District Court err in upholding the Commissioner's determination denying benefits until that date?

We conclude that it did not. The District Court carefully considered the record as compiled by the ALJ and found that substantial evidence supported the Commissioner's decision. See Fargnoli, 247 F.3d at 38 (court bound by ALJ's findings of fact if supported by "substantial evidence" even though court "would have decided the factual inquiry differently"). Standing alone, the fact that the Commissioner subsequently found claimant to be disabled does not warrant remand or reversal in the absence of new and material evidence, which claimant here has failed to provide. See Allen v. Comm'r of Social Sec., 561 F.3d 646, 652-53 (6th Cir. 2009). We find no reversible error in the entry of summary judgment and, accordingly, we will affirm.