**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

|  |  |
|---|---|
| CHARLES WILLIAMS EVANS,<br><br>            Plaintiff - Appellant,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,[*]<br><br>            Defendant - Appellee. | No. 12-35078<br><br>D.C. No. 2:10-cv-01842-RSL<br><br>MEMORANDUM[**] |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted May 8, 2013[***]
Seattle, Washington

Before: HAWKINS, THOMAS, and NGUYEN, Circuit Judges.

---

        [*]    Carolyn W. Colvin, Acting Commissioner of Social Security, is substituted for her predecessor, Michael J. Astrue, Commissioner of Social Security, pursuant to Fed. R. App. P. 43(c)(2).

        [**]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

        [***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Charles W. Evans appeals the district court's order affirming the Commissioner of Social Security's denial of his 2003 application for Disability Insurance Benefits and Supplemental Security Income. We have jurisdiction under 28 U.S.C. § 1291. We vacate and remand for further proceedings.

Administrative Law Judge M.J. Adams denied Evans's 2003 application, finding that Evans was "not disabled" during the period from January 24, 2000, the onset date, to March 18, 2010, the date of the decision. Later, after the parties filed the opening and answering briefs in this appeal, a different Administrative Law Judge, Gary Elliott, granted Evans's second application for Supplemental Security Income.[1] ALJ Elliott found that Evans was "disabled" since November 30, 2010, the date of his second application.

Both ALJ Adams and ALJ Elliott found that Evans suffers from various medical conditions, including degenerative disc disease, schizoaffective disorder or depression, and post-traumatic stress disorder. Yet they reached different

---

[1] We grant Evans's motion to take judicial notice of the August 22, 2012 decision by ALJ Elliott, because the fact that Evans received a favorable decision is "not subject to reasonable dispute." Fed. R. Evid. 201(b)(2). We reject the Commissioner's argument that judicial notice is not appropriate because ALJ Elliott's decision is not material. The grant of benefits is material because it bears "directly and substantially" on whether Evans was in fact disabled during the time period relevant to ALJ Adams's consideration. *See Luna v. Astrue,* 623 F.3d 1032, 1034 (9th Cir. 2010) (internal quotation marks omitted).

conclusions regarding whether he was "disabled." There is no evidence that Evans's health deteriorated during the eight months between ALJ Adams's determination that he was not disabled to the time that ALJ Elliott found him to be disabled. Although ALJ Elliott's decision was based on some new medical evidence that was not introduced at the hearing before ALJ Adams, the decisions were based largely on the same long-standing medical conditions and subjective complaints from Evans. While ALJ Adams rejected Evans's testimony on the intensity, persistence, and limiting effects of the symptoms of these impairments, ALJ Elliott found his testimony on these topics to be "generally credible." Given the discrepancies between the two decisions, "further consideration of the factual issues is appropriate to determine whether the outcome of the first application should be different." *Luna v. Astrue*, 623 F.3d 1032, 1035 (9th Cir. 2010) ("The 'reasonable possibility' that the subsequent grant of benefits was based on new evidence not considered by the ALJ as part of the first application indicates that further consideration of the factual issues is appropriate to determine whether the outcome of the first application should be different."); 42 U.S.C. § 405(g) (stating that remand is appropriate if "there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding").

The Commissioner's reliance on *Bruton v. Massanari*, 268 F.3d 824 (9th Cir. 2001), is misplaced. In contrast to *Bruton*, we cannot on this record easily reconcile the conflicting decisions by ALJ Adams and ALJ Elliott. Because it appears that some of the same or similar evidence was presented in both hearings, we cannot determine on the record before us whether the two decisions are reconcilable or inconsistent. Thus, remand for further consideration is the proper remedy.

We therefore vacate the district court's decision and remand to the district court with instructions to remand to the Commissioner for consideration of whether the outcome as to Evans's 2003 application should be different. We need not and do not reach any other issues urged by the parties on appeal.

**VACATED AND REMANDED.**