**John CHUDY, Plaintiff**

v.

**Carolyn W. COLVIN, Acting Commissioner of Social Security Administration, Defendant.**

**Civil Action No. 12–30210–KPN.**

United States District Court,
D. Massachusetts.

Signed April 4, 2014.

Marshall T. Moriarty, Moriarty Law Firm, Springfield, MA, for Plaintiff.

Karen L. Goodwin, United States Attorney's Office, Springfield, MA, for Defendant.

*FURTHER MEMORANDUM AND ORDER REGARDING PLAINTIFF'S MOTION FOR ORDER REVERSING THE COMMISSIONER'S DECISION and DEFENDANT'S MOTION TO AFFIRM THE COMMISSIONER'S DECISION (Document Nos. 15 and 19)*

NEIMAN, United States Magistrate Judge.

This is a case in which dates are paramount. It also involves two programs—Social Security Disability Insurance ("SSDI") and Supplemental Security Income ("SSI")—which have the same definition of disability.

## I. BACKGROUND

On February 12, 2014, the court denied without prejudice both of the above captioned motions concerning Plaintiff's application for SSDI benefits. (Memorandum and Order (Document No. 26).) In doing so, the court took particular notice of footnote 7 in the Commissioner's brief in which she acknowledged that the subsequent approval of Plaintiff's SSI application, filed in April of 2012, was going to be reopened since that "allowance did not take into account the fact that the plaintiff was credited with a February 2009 filing date for SSI purposes." (Commissioner's Memorandum in Support of Motion to Affirm (Document No. 20), at 19.) The February 2009 date was the same date as Plaintiff's application for SSDI. Accordingly, the Commissioner indicated, she would be reopening the SSI case "to determine whether the medical evidence supports an earlier onset date of disability" (*id.*) and, thus, potentially significant retroactive SSI benefits. The court believed that was a prudent approach and expressed its appreciation for the Commissioner's recognition of this potential error.

The Commissioner, however, went on in that same footnote to limit the possible earlier onset date of Plaintiff's disability (for SSI purposes) to "some point after the period adjudicated by the [administrative law judge] in the instant case (*i.e.*, between July 2009 and April 2012)," citing 20 C.F.R. §§ 416.1487–1489 as authority for that limitation. (*Id.*) The court saw no basis for such a limitation in the cited regulations, which simply govern the conditions for reopening and reviewing determinations made in the administrative review process. The court explained that nowhere do those regulations provide for the particular limitation which the Commissioner had imposed on the possible retroactive award of SSI benefits. Given the

fact that the Commissioner was prepared to honor the protective filing date, the court continued, the regulations would appear to require that she determine whether the evidence supports an onset date as early as February 17, 2009.

The court also indicated that an earlier onset date, if proven, could affect Plaintiff's SSDI case presently at bar. After all, the court explained, one significant aspect of the instant matter concerns Plaintiff's failure to convince the Commissioner that he was disabled prior to the expiration of his insured status on June 30, 2009, a little more than four months after the date of his application. Accordingly, the court ordered the Commissioner, by March 5, 2014, to report in writing whether or not she had already reconsidered the onset date in the reopened SSI case (footnote 7 being part of a memorandum filed on June 12, 2013) and, if so, what onset date was established. If the Commissioner's reconsideration had not yet taken place, the court continued, it would be prepared to remand the instant matter to be considered jointly with the SSI issue identified by the Commissioner in footnote 7.

## II. THE COMMISSIONER'S REPORT

In response to the court's February 12, 2014 Memorandum and Order, the Commissioner filed a supplemental report which indicated that the Disability Determination Services ("DDS") had reconsidered the onset date in the open SSI case in a revised determination dated June 27, 2013. (Response to Court Order (Document No. 27) at 1.) That was about two weeks after the Commissioner had notified the court that such a reconsideration was in process. The DDS, the Commissioner reported, established a new disability on-

set date of July 1, 2009.(*Id.*) The Commissioner also reported that this determination had been selected for review by the Office of Quality Review ("OQR") but indicated, as well, that the OQR had completed its review and that "the determination is now pending effectuation with the Social Security Field Office that services the [P]laintiff." (*Id.*) The court takes this to mean that the disability onset date of July 1, 2009, has been adopted.

Again, July 1, 2009 is one day *after* the expiration of Plaintiff's insured status for SSDI eligibility. The Commissioner explained that this onset date was controlled by her Program Operations Manual System ("POMS"), which in applicable part provides as follows: "After a civil action has been filed on a prior application, we cannot take adjudicative action for the period already considered in the last administrative decision of the Commissioner (*i.e.*, the period pending judicial review)." POMS DI 20101.025E. (*Id.* at 2.)[1]

## III. DISCUSSION

The Commissioner asserts that the POMS directive is controlling with respect to the instant SSDI matter. She argues that the mere fact that a claimant has been deemed disabled at a later date—even the day after the date of *in* eligibility established by a previous administrative decision—does not provide grounds for remanding the previous decision. The Commissioner also relies on *Allen v. Commissioner of Social Security*, 561 F.3d 646, 653 (6th Cir.2009), which held that "the mere existence of [a] subsequent decision in [the claimant's] favor, standing alone, cannot be evidence that can change the outcome of his prior proceeding." *See*

---

**1.** In providing this explanation, the Commissioner apologized for the lack of clarity in footnote 7 of her previous brief, which cited

20 C.F.R. §§ 416.1487–1489 as authority for the cut-off of possible retroactive consideration. (*Id.*)

also *Perry v. Astrue,* 2012 WL 645890, at *11–12 (D.Mass. Feb. 7, 2012).

The Commissioner argues as well that, even if the court were inclined to reject the POMS and *Allen* limitations, substantial evidence supports the previous decision that Plaintiff was not disabled for SSDI purposes as of June 30, 2009. In support, the Commissioner cites, among other things, this court's own musings in its February 12, 2014 Memorandum and Order that the Commissioner appears to have "the better arguments with regard to the various grounds on which Plaintiff seeks reversal and/or remand of the denial of his application for [SSDI] benefits." For the reasons which follow, the court finds neither of the Commissioner's arguments persuasive.

▆ As the Commissioner accurately maintains, however, *Allen* does stand for the proposition that "a subsequent favorable decision itself, as opposed to the evidence supporting the subsequent decision, does not constitute new and material evidence under § 405(g)," such as to enable a plaintiff to meet his burden of showing that a remand is proper. *Allen,* 561 F.3d at 653. Nonetheless, there are some distinguishing features to the instant matter. For one, in *Allen,* the decision approving the claimant's subsequent application for benefits found him disabled as of September 12, 2006, the day after the initial administrative law judge's adverse decision. Here, in some contrast, Plaintiff's "subsequent" April 9, 2012 application for benefits (albeit for SSI, not SSDI) was actually given a protected filing date of February 2009, the same date as Plaintiff's SSDI application; thus, for all intents and purposes, the two applications are contemporaneous rather than sequential.

The Commissioner also mistakenly characterizes the July 1, 2009 date, to which Plaintiff has since been awarded SSI eligibility, as "the day after the date of the ALJ's decision in the instant case." Actually, the date of the ALJ's decision was December 2, 2011, well after the July 1, 2009 date on which Plaintiff is now deemed to have been disabled. Again, that date is one day after the June 30, 2009 date when Plaintiff's insured status for SSDI eligibility expired. This dividing line is understandable: since the ALJ was considering Plaintiff's SSDI application, he only needed to decide whether Plaintiff had proven the onset of his disability as of June 30, 2009; the ALJ did not have to address the possibility that Plaintiff might have become disabled thereafter. In contrast, the Commissioner, when reviewing Plaintiff's SSI file, could have determined that he was disabled as far back as February of 2009, the month credited for his SSI application; she was unable to do so, the Commissioner now argues, because the POMS directive precluded her from going any further back than July 1, 2009.

These distinguishing facts might not be that material for present purposes were it not for certain aspects of the *Allen* decision which undermine its applicability here. First, although not acknowledged by the Commissioner, there is in fact a split of authority as to whether a subsequent favorable decision can itself be grounds for remanding for reconsideration a prior decision adverse to a claimant. *See, e.g., Luna v. Astrue,* 623 F.3d 1032 (9th Cir.2010); *Reichard v. Barnhart,* 285 F.Supp.2d 728 (S.D.W.Va.2003). Indeed, the *Allen* decision itself was not unanimous, the dissent faulting the majority in particular for relying on an "incomplete and contradictory" record. *Allen,* 561 F.3d at 655 (Clay, J. dissenting). To be sure, the court in *Perry* later deemed both *Luna* and *Reichard* to be in the minority on the issue. *See Perry,* 2012 WL 645890, at *12 (citing cases). This court, however,

is persuaded that *Luna* and its progeny provide a nuanced approach that has particular resonance with respect to the instant matter.

The Ninth Circuit in *Luna* affirmed the District Court's holding "that the finding of disability based on [the claimant's] second benefits application was new and material evidence warranting remand for further factual consideration because it commenced at or near the time [she] was found not disabled based on the first application." *Luna*, 623 F.3d at 1034. Distinguishing a prior decision in which the "initial denial and subsequent award were easily reconcilable on the record before the court," *Bruton v. Massanari*, 268 F.3d 824 (9th Cir.2001), the Ninth Circuit concluded that "[t]he 'reasonable possibility' that the subsequent grant of benefits was based on new evidence not considered by the ALJ as part of the application indicates that further consideration of the factual issues is appropriate to determine whether the outcome of the first application should be different." *Luna*, 623 F.3d at 1035; *see also Bradley v. Barnhart*, 463 F.Supp.2d 577, 580–81 (S.D.W.Va.2006) (in certain circumstances, "an award based on an onset date coming in immediate proximity to an earlier denial of benefits is worthy of further administrative scrutiny to determine whether the favorable event should alter the initial, negative outcome on the claim") (citing *Reichard*, 285 F.Supp.2d at 734). Here, too, the close proximity of the June 30, 2009 insured status date, which Plaintiff was found not to have met regarding his SSDI disability application, with the July 1, 2009 date, back to which Plaintiff was found disabled for purposes of SSI, is "worthy of further administrative scrutiny."

The reasons are several. First, the court itself is not able to easily reconcile the diametrically different results separated by one day. Unlike the situation in *Bruton*, where the Ninth Circuit pointed to "different medical evidence, a different time period, and a different age classification," *id.* at 827, the instant case presents no such material facts on their face which separate June 30, 2009, from July 1, 2009.

Second, similar to the inadequacies noted by the dissent in *Allen*, the record before the court does not describe the evidence considered by the DDS when reviewing Plaintiff's re-opened SSI case. The Commissioner's memoranda only reveal that Plaintiff's SSI application was approved as of April 9, 2012, apparently quite readily, and extended retroactively after the DDS reviewed the matter and found him disabled as of July 1, 2009. Nor is there a subsequent ruling by an administrative law judge which the court can compare to the ALJ's decision at issue here. *Compare Perry*, 2012 WL 645890, at \*11. In the absence of such evidence, it is simply prudent to have the matter reconsidered on remand. *See Luna*, 623 F.3d at 1035 ("We cannot conclude based on the record before us whether the decisions concerning [claimant] were reconcilable or inconsistent."); *see also Evans v. Colvin*, 525 Fed.Appx. 582, 584 (9th Cir. 2013) (same).

Third, Plaintiff's SSDI eligibility should be considered in conjunction with his SSI case. As described, Plaintiff's SSI application had a protective filing date of February 17, 2009, the same day as his application for SSDI. The only reason that Plaintiff's SSI benefits were not made retroactive to that February date was the POMS directive precluding the DDS from going any further back than July 1, 2009; the DDS, of course, did not coincidentally find Plaintiff disabled only as of July 1, 2009. As the Commissioner well knows, however, the POMS directive does not

preclude *the court* from remanding this matter for the ALJ to determine, given the developments since his original decision, whether Plaintiff was actually disabled as of his February 2009 application, if not before.[2]

In this vein, the court notes that, when the Commissioner originally briefed this case, she indicated that her review of Plaintiff's SSI application might result in an onset date of disability somewhere between July 2009 (after the period previously adjudicated by the ALJ) and April 2012 (the month Plaintiff's SSI application was filed, albeit with a protective filing date of February 2009). As it turns out, the DDS went back as far as it could within this time frame and found Plaintiff disabled as of July 1, 2009. The court can only assume that evidence supporting Plaintiff's disability that far back was available to and considered by the DDS. In light of the facts, it would make little sense to preclude Plaintiff from having the Commissioner consider an earlier onset date of his disability for SSDI purposes.

### IV. CONCLUSION

For the reasons stated, Plaintiff's motion for an order reversing the Commissioner, to the extent it can fairly be read to seek a remand, is ALLOWED and the Commissioner's motion to affirm is DENIED. In addition to the evidence of record and such further evidence which Plaintiff may offer, the ALJ on remand shall consider all the evidence available to the Commissioner with regard to Plaintiff's SSI application and the DDS's subsequent review when establishing the July 1, 2009 onset date, as such evidence may be relevant to Plaintiff's February 2009 SSDI application.

SO ORDERED.

---

**2.** The court notes that Plaintiff's SSDI application claimed a disability onset date of May 1, 2007. (Administrative Record at 125.)