**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3544
_____

NICHOLAS LISNICHY,
                              Appellant

v.

COMMISSIONER SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-12-cv-00940)
District Judge:  Honorable Yvette Kane
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 2, 2015

Before:  CHAGARES, JORDAN and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 13, 2015 )

_____

OPINION[*]

_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Nicholas Lisnichy appeals the District Court's order affirming the final decision of the Commissioner of Social Security denying his request for disability insurance benefits (DIB) and supplemental security income (SSI) under the Social Security Act (the "Act"). For the reasons set forth below, we will affirm the District Court's judgment.

In May 2010, Lisnichy filed applications for DIB and SSI. He alleged that he was disabled, and thus entitled to these benefits, due to cervical spinal stenosis; cervical radiculopathy; atrophy of the left hand; and pain in his neck, back, and left arm. Before an Administrative Law Judge (ALJ), the parties presented a variety of documentary evidence, including reports of medical and mental-health evaluations from several physicians.

In October 2011, after holding a hearing, the ALJ denied Lisnichy's request for benefits. The ALJ determined that Lisnichy suffered from four impairments that qualified as serious under the Act: degenerative disc disease, atrophy of the left hand, dysthymic disorder, and opioid dependence. Nevertheless, the ALJ ruled that none of these impairments was equivalent to one of the employment-precluding impairments listed in the relevant regulations. The ALJ next concluded that Lisnichy possessed the residual functional capacity to perform certain light work, with limitations in climbing, using his left hand, and interacting with the public. As part of this finding, the ALJ determined that Lisnichy's statements about the severity of his symptoms were not entirely credible because they were contradicted, at least in part, by the medical evidence,

Lisnichy's reports of his daily activities, and the ALJ's personal observations. The ALJ concluded that Lisnichy's credibility was further undermined by the fact that he had previously been convicted of "using his medical license for criminal gain."[1] Finally, the ALJ ruled that, "[c]onsidering [Lisnichy's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [Lisnichy] can perform." More specifically, the ALJ concluded that Lisnichy could work as an information clerk, surveillance system monitor, and charge account clerk. Consequently, the ALJ determined that Lisnichy was not disabled and thus not entitled to DIB or SSI.

Lisnichy appealed the ALJ's decision to the Appeals Council, which denied review in May 2012. Lisnichy then instituted an action in the District Court challenging the denial of benefits. In the District Court, Lisnichy submitted two short letters from physicians, both dated May 17, 2013. One letter, from Susan Baroody, D.O., states that Lisnichy suffered from chronic back pain that made it "very difficult for him to sit, stand, and/or ambulate for prolonged periods of time." The other letter, from P. Shripathi Holla, M.D., states that Lisnichy was "unable to sit for long periods of time" and "incapacitated to do any productive work." The District Court refused to remand the case to the ALJ to consider this new evidence, ruling that Lisnichy had failed to show that the letters were new or material. The Court also concluded that the ALJ's benefits determination was

---

[1] Lisnichy previously worked as a physician, but his medical license has been suspended due to his criminal convictions.

3

supported by substantial evidence, and thus granted judgment in favor of the Commissioner. Lisnichy then filed a timely notice of appeal to this Court.

Like the District Court, we must uphold the ALJ's findings — including credibility determinations — if they are supported by substantial evidence. See Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005); Burns v. Barnhart, 312 F.3d 113, 130 (3d Cir. 2002). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Rutherford, 399 F.3d at 552 (quotation marks omitted). It is "more than a mere scintilla but may be somewhat less than a preponderance of the evidence." Id. We exercise plenary review over the question of whether it was proper for the District Court to decline to remand the matter to the ALJ. Matthews v. Apfel, 239 F.3d 589, 591 (3d Cir. 2001).

We agree with the District Court's disposition of this case. Before this Court, Lisnichy argues primarily that the District Court erred in refusing to remand the case to the ALJ for consideration of the letters from Drs. Baroody and Holla. However, it is well established that, to justify a remand, "evidence first presented to the district court must not only be new and material but also [must] be supported by a demonstration by claimant of good cause for not having incorporated the new evidence into the administrative record." Id. at 592 (quotation marks omitted). The burden was on Lisnichy to make this showing, see id. at 595, and in the District Court, Lisnichy made no effort to carry his burden.

Meanwhile, in this Court, Lisnichy has argued that these letters amount to new evidence because they describe "a change — a worsening — of [his] condition." Appellant's Brief at 2. However, Lisnichy did not raise this argument in the District Court, and we ordinarily will not address arguments that are raised for the first time on appeal. See, e.g., C.H. v. Cape Henlopen Sch. Dist., 606 F.3d 59, 73 (3d Cir. 2010). In any event, we have held that new evidence will be "material" in this context only if it "relate[s] to the time period for which benefits were denied," and does not concern "the subsequent deterioration of the previously non-disabling condition." Szubak v. Sec'y of Health & Human Servs., 745 F.2d 831, 833 (3d Cir. 1984). Here, by Lisnichy's own admission, these letters describe a subsequent deterioration of his condition, and the District Court therefore did not err in refusing to remand the case to the agency to consider the letters.[2]

Lisnichy's only other argument on appeal is that it was improper for the ALJ to base a credibility determination in part on Lisnichy's previous criminal convictions. We disagree. An ALJ may use "ordinary techniques of credibility evaluation" in assessing a claimant's credibility. Smolen v. Caater, 80 F.3d 1273, 1284 (9th Cir. 1996). Here,

---

[2] Lisnichy attached to his brief a portion of a decision in which an ALJ apparently determined that he has been disabled since August 7, 2012. He did not present this decision to the District Court, and we will not consider it for the first time on appeal. See, e.g., C.H. v. Cape Henlopen Sch. Dist., 606 F.3d 59, 73 (3d Cir. 2010). Moreover, this decision does not concern the time period at issue here (December 2004 through October 2011), and thus, for the reasons detailed above, does not support Lisnichy's request for a remand. See Allen v. Comm'r of Soc. Sec., 561 F.3d 646, 653 (6th Cir. 2009).

Lisnichy's criminal history was just one of several factors that the ALJ considered.[3]

Further, at least two of Lisnichy's convictions — insurance fraud in violation of 18 Pa.

Cons. Stat. § 4117(a)(2) and prescribing a controlled substance to a drug-dependent

person in violation of 35 Pa. Cons. Stat. § 780-113(a)(13) — involve an element of

dishonesty.  See United States v. Rosa, 891 F.2d 1063, 1069 (3d Cir. 1989) ("the trial

judge correctly allowed cross-examination concerning a fraudulent insurance claim Rosa

had filed, since fraud is one of the offenses that bears on a witness's credibility"); Allen

v. Kaplan, 653 A.2d 1249, 1253 (Pa. Super. Ct. 1995) ("the conviction for a violation

of . . . § 780–113(a)(13) constitutes crimen falsi").  In these circumstances, we cannot say

that the ALJ erred in taking Lisnichy's convictions into account in assessing his

credibility.  See Hardisty v. Astrue, 592 F.3d 1072, 1080 (9th Cir. 2010) (affirming

credibility determination based in part on claimant's criminal history); Simmons v.

Massanari, 264 F.3d 751, 756 (8th Cir. 2001) (same).

      Accordingly, we will affirm the District Court's judgment.

---

[3] As noted above, the ALJ also concluded that Lisnichy's statements about his symptoms were not consistent with the medical evidence, Lisnichy's reports of his daily activities, or the ALJ's personal observations.  It was permissible for the ALJ to rely on each of these grounds (and Lisnichy does not argue otherwise).  See Morales v. Apfel, 225 F.3d 310, 318 (3d Cir. 2000); Hartranft v. Apfel, 181 F.3d 358, 363 (3d Cir. 1999).