**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 17a0335n.06

No. 16-4312

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jun 13, 2017
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| VALERIE D. MASON-COLWELL, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| COMMISSIONER OF SOCIAL SECURITY, | ) | OHIO |
| | ) | |
| Defendant-Appellee. | ) | |

BEFORE: COOK, KETHLEDGE, and DONALD, Circuit Judges.

PER CURIAM. Valerie D. Mason-Colwell appeals the district court's judgment affirming the denial of her applications for disability insurance benefits and supplemental security income benefits.

In 2013, Mason-Colwell filed applications for disability insurance benefits and supplemental security income benefits, alleging that she became disabled on July 15, 2005. After the Social Security Administration denied the applications, Mason-Colwell requested a hearing before an administrative law judge (ALJ). The ALJ conducted a hearing and denied Mason-Colwell relief. The Appeals Council declined to review the case. The district court affirmed the denial of Mason-Colwell's applications.

On appeal, Mason-Colwell raises three arguments: (1) the ALJ erred by giving significant weight to the opinion of an examining psychologist but ignoring critical portions of the opinion; (2) the ALJ erred by failing to include certain restrictions in her residual functional capacity; and (3) substantial evidence does not support the ALJ's determination concerning her ability to walk, climb ramps and stairs, kneel, stoop, and balance.

"Our review of the ALJ's decision is limited to whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). Substantial evidence exists if a reasonable mind might accept the relevant evidence as adequate to support a conclusion. *Id.* at 406. We review de novo the district court's conclusions on each issue. *Id.*

Mason-Colwell first argues that the ALJ erred in weighing the medical opinion of examining psychologist Brithany Pawloski. In her narrative evaluation, Dr. Pawloski concluded that Mason-Colwell's self-reported data and presentation appeared to be reliable and that she would have some limitation in her ability to understand and carry out instructions, complete complicated tasks, and engage with coworkers and supervisors. Dr. Pawloski further concluded that Mason-Colwell "would have difficulties appropriately coping with exposure to work and would be at risk for further mental deterioration." In her functional assessment, Dr. Pawloski concluded that Mason-Colwell has marked limitation in her ability to carry out complex instructions and make judgments on complex work-related decisions, but that she is otherwise able to function satisfactorily, including in her ability to respond appropriately to usual work situations and changes in a routine work setting, despite having some impairments. Mason-Colwell contends that the ALJ erred by giving significant weight to Dr. Pawloski's opinion while

ignoring her conclusions that Mason-Colwell's self-reports were reliable and that exposure to work could damage Mason-Colwell's mental health.

Substantial evidence supports the ALJ's weighing of Dr. Pawloski's opinion. The ALJ was not required to accept Dr. Pawloski's determination that Mason-Colwell is credible; that issue is reserved to the Commissioner, *see Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 652 (6th Cir. 2009), and the ALJ could reasonably credit Dr. Pawloski's conclusions concerning Mason-Colwell's functional limitations without accepting as credible all of Mason-Colwell's reports concerning her impairments. In addition, the ALJ reasonably accounted for all of the significant work-related functional limitations specifically identified by Dr. Pawloski by restricting Mason-Colwell to routine work involving only simple work-related decisions and only occasional changes in the work routine.

Mason-Colwell next argues that the ALJ erred by failing to include in her residual functional capacity the need to take additional breaks, limitations on her ability to be exposed to noise, and additional limitations regarding her ability to sit and stand. Substantial evidence supports the ALJ's declining to include the additional restrictions because: (1) no medical opinions of record conclude that such restrictions are warranted; (2) the objective medical evidence does not compel a conclusion that the additional limitations are necessary; and (3) the ALJ discounted Mason-Colwell's subjective complaints on the basis that she both inconsistently reported her symptoms, and alleged functional limitations unsupported by the record medical evidence.

Finally, Mason-Colwell argues that substantial evidence does not support the ALJ's determination that she could walk three hours in an eight-hour workday and occasionally climb ramps and stairs, kneel, stoop, and balance. Substantial evidence does support the limitations at

issue, given the uncontradicted opinions of examining physician Dr. Babatunde Onamusi, who assessed the same limitations, and reviewing physicians Dr. Dimitri Teague and Dr. Rannie Amiri, who assessed less restrictive walking and postural limitations, and the lack of objective medical evidence supporting additional, necessary restrictions.

Accordingly, we **AFFIRM** the district court's judgment.